ABRAM VANDOOZER v. GEORGE M. DAYTON.

|  |  |
|---|---|
| 45 | 247 |
| 104 | 117 |
| 45 | 247 |
| 137 | 44 |

*Trespass quare clausum—Proof of defendant's lawful possession.*

Comp. L. §§ 5326-9 provides that in any action involving title to land, a defendant, if the suit is before a justice, shall be deemed to admit any claim of title made in the declaration unless, in pleading the general issue, he gives notice that the title will come in question. *Held*, that in an action of trespass *quare clausum* in which such notice was not given, this rule would not preclude defendant's showing that he was lawfully in possession where the declaration did not aver title but merely that defendant broke and entered, etc., " the close of the said plaintiff " and " broke open the house of the plaintiff on said premises," since, for the purpose of the action, the close was that of the plaintiff if he had peaceable possession whether he had title or not, but it was not his close if defendant had peaceable possession.

Tenancy of any sort is a species of title; and where a defendant in an action brought before a justice and involving title, has not given notice that title will come in question, he cannot rely upon his tenancy as a defense.   Comp. L. §§ 5326-9.

Error to Ingham.   Submitted Nov. 10.   Decided Jan. 12.

TRESPASS *qu. cl.*   Defendant brings error.   Reversed.

*E. D. Lewis* for plaintiff in error.   A defendant in trespass *qu. cl.* is always entitled, under the plea of the general issue, to show actual possession : *Rawson v. Finlay* 27 Mich. 268 ; *Ehle v. Quackenboss* 6 Hill 537 ; *Fredonia etc. P. R. Co. v. Wait* 27 Barb. 214 ; *Dolittle v. Eddy* 7 Barb. 74 ; *Hastings v. Glenn* 1 E. D. Smith 402 ; *Hardrop v. Gallagher* 2 id. 523 ; trespass will not lie against one in actual possession : 6 Waits' Actions 64, 74 ; Cooley on Torts 332–5 ; *Van Rensselaer v. Radcliff* 10 Wend. 639 ; *Livingston v. Haywood* 11 Johns. 429 ; *Livingston v. Mott* 2 Wend. 605 ; *Schermerhorn v. Buell* 4 Den. 422 ; *Campbell v. Arnold* 1 Johns. 512 ; *Wickham v. Freeman* 12 Johns. 183 ; *Stuyvesant v. Tompkins* 9 Johns. 61.

*M. V. & R. A. Montgomery* for defendant in error.

COOLEY, J.   This case originated in justice's court.   The declaration was in trespass *quare clausum*, and omitting formal parts, was as follows :   " For that the said defendant on the tenth day of December, A. D. 1873, and on divers other days and times between that day and the          day of September, 1874, the close of the said plaintiff, situate in the township of Locke, in said county, and known and described as being the north-east quarter of section eight, in township four north, of range two east, State of Michigan, broke and entered and with his feet in walking trod down, trampled upon the grass of the plaintiff, growing there, and with his hands, and with axes and other implements, broke open the house of the plaintiff on said premises, and cut, broke and otherwise injured the floor, ceiling, doors, windows, walls,

door-casings and under-casings of said house of the plaintiff, and other injuries to him, the said plaintiff, then and there did, against the peace of the people," etc. The defendant pleaded the general issue merely, went to trial and recovered judgment, and the plaintiff appealed to the circuit court.

The statute provides that in every action where the title to any lands shall in anywise come in question, any claim to title to lands made by the plaintiff in his declaration, and therein described, shall be deemed to be admitted by the defendant, unless he shall give notice under the general issue showing that the title to lands will come in question, and give the bond for which the statute provides, for the transfer of the cause to the circuit court. Comp. L. §§ 5326–5329. The notice and bond were not given in the justice's court in this case.

On the trial in the circuit court the plaintiff gave evidence that he resided in Lansing; that between Christmas and New Year's, 1873–4, he visited the place and found a family in the house named Hilliker. He directed them to get out, and understood that they did so shortly afterwards. In the spring following he went there again and found defendant there, who admitted that he had been making hoops in the house, and also that he put Hilliker in. Plaintiff then described the injury that had been done to the house in making hoops there.

On the cross-examination of the plaintiff and also by his own evidence afterwards the defendant sought to show that plaintiff derived his title to the land from one Case, and that at the time Case conveyed to plaintiff, and also at the time of the alleged trespass defendant was lawfully in possession under Case. All offers of evidence to this effect were objected to and ruled out, though defendant explained its purpose to be to disprove any trespass by showing that he, and not the plaintiff, was in peaceful possession at the time the acts complained of were committed. His counsel also put to him the following question, which was objected to and ruled out: "By what right and under whose authority did

you occupy the premises at the time of the alleged trespasses, if you did occupy them?"

All these rulings of the circuit judge were based upon the assumption that the plaintiff had asserted title in himself by his declaration, and described it, and that defendant had admitted it by his pleading. If the assumption had been well founded, the judge would have ruled correctly in holding that defendant could not show any right or possession in himself as tenant; for a tenancy of any sort would be a species of title. But a reading of the declaration shows that the plaintiff does not assert or describe a title. He alleges that the defendant unlawfully broke and entered his close; and for the purposes of this action the close was the close of the plaintiff if he had peaceable possession, even though he had no title. But it was not the close of the plaintiff if the defendant was in peaceable possession. *Dewey v. Bordwell* 9 Wend. 65.

It is plain from the record that the judge was misled as to the declaration—inadvertently, no doubt—for he lets fall a remark indicating that he understood title in fee had been counted upon, and this was at the time corrected by no one. He would not have made this mistake had he looked at the declaration for himself. This is further manifest from his remarks concerning the case of *Ehle v. Quackenboss* 6 Hill 537, in which he erroneously assumes that the declaration was different. It was correctly ruled in that case that plaintiff under such a declaration relies upon his possession, and defendant is at liberty to disprove it.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.