WILLIAM BRECHEISEN, Appellant, v. MICHAEL COFFEY, Respondent.

January 29, 1884.

1. CONTRACTS — INTERPRETATION. — The court, and not the jury, must interpret written contracts.

2. —— A qualified acceptance of a proposition made by letter does not bind the other party to the correspondence.

3. PLEADINGS. — A petition which states a contract by way of inducement, and then declares upon a subsequent agreement based upon a condition not alleged to have been performed, states no cause of action.

4. —— PRACTICE. — A proviso in the nature of an exception embodied in a contract which constitutes the cause of action, must be set up in the petition and a liability consistent therewith shown.

5. PRACTICE — BILLS OF EXCEPTIONS. — Statements contained in a written opinion of the trial judge and set out in the transcript, do not thereby become a part of the record.

APPEAL from the St. Louis Circuit Court, THAYER, J. Affirmed.

R. L. BROCKENBROUGH, for the appellant: Where two causes of the same class are united in the same count, as in this case, the defendant can, before answer, by motion to strike out, compel plaintiff to elect on which cause he will stand and strike the other out. This right is waived if de-

fendant answers. On the other hand, there can be no objection if plaintiff does not take advantage of the waiver ; and, after answer, voluntarily abandons one cause of action. — *Mooney* v. *Kennett*, 19 Mo. 551 ; *Otis* v. *Mechanics' Bank*, 35 Mo. 128 ; *House* v. *Lowell*, 45 Mo. 381, and authorities there cited ; *Stephenson* v. *Judy*, 49 Mo. 227.

THEO. H. CULVER, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that, desiring to purchase a certain tract of land in Kansas from defendant (which is particularly described) plaintiff did, on April 26, 1881, by letter, offer to defendant, who was then the owner thereof, the sum of $3,200 cash therefor, which offer defendant at Canon City, Col., accepted, and then agreed, in consideration that plaintiff would pay to him $3,200 cash, to sell and convey to plaintiff the land in question for that sum. That this promise and agreement of defendant was in writing, and upon the terms and conditions set forth in defendant's letter of acceptance to plaintiff, which is fully set out in the petition as follows : —

"Box 2685, CANON CITY, COL., May 2, 1881.

"*Wm. Brecheisen, Esq., Eudora, Kan.*

"DEAR SIR : I have just received yours of April 26, wherein you offer me, for my land, $3,200 in cash, to be paid at sale. In reply, I will say, that I will sell you the property for that sum paid in cash. You will pay all costs connected with the transfer of deeds, etc. On receiving from you a favorable reply, I will forward by express, C. O. D., for $3,200, to you the deeds giving you full and clear title. "Very truly,

"MICHAEL COFFEY."

That, thereupon, plaintiff accepted the counter offer in defendant's letter, and duly notified defendant thereof by letter dated May 9, 1881. That, after said agreement

was made by defendant with plaintiff, and before the time for plaintiff to perform its conditions, on his part, plaintiff was reliably informed, and he avers the fact to be, that defendant was negotiating with parties other than plaintiff to sell to them the said land for $3,550, and plaintiff believing said information to be true, yet desiring to prevent a contest at law with defendant, offered defendant, by telegram dated May 16, 1881, to pay him $3,550 for said land. That defendant at St. Louis accepted said offer, and, by writing signed by defendant, agreed with plaintiff to convey to him the said land upon the terms offered in plaintiff's telegram. The telegram of defendant is set out in the petition as follows : —

"ST. LOUIS, Mo., 5–16, 1881.

"Other parties don't answer immediately, I will accept $3,550 — $2,000 cash, balance in twelve months.

"MICHAEL COFFEY."

That plaintiff, by telegram dated Eudora, Kan., May 17, 1881, accepted the terms of defendant and duly notified him thereof; and, on August 16, 1881, by letter addressed to defendant at St. Louis, Mo., demanded the conveyance of said property to plaintiff, and tendered to defendant $3,550, in pursuance of said agreement, and has always been ready and willing to pay to defendant said sum and perform the conditions of said agreement, but that defendant has failed and refused, etc.

Plaintiff says that said land was worth $4,200 ; that plaintiff borrowed $2,700 at ten per cent, to enable him to carry out the agreement, and kept the same up to the date of breach by defendant, that is, for four months, and paid $90 for the use of the borrowed money. He asks damages in the sum of $1,090.

The answer was a general denial. The cause was tried by a jury, and there was a verdict and judgment for plaintiff for one thousand dollars and costs. Defendant moved in arrest of judgment, on the ground that the petition states

no cause of action, and that the verdict is not responsive to the pleadings. This motion was sustained, and the cause dismissed.

1. It seems to be very clear that unless the second correspondence by telegrams set out in plaintiff's petition effected a binding contract, the petition of plaintiff does not set up facts sufficient to constitute a cause of action, and can not be made to do so by the most liberal construction, and, therefore, that it will not support the verdict. The first contract is alleged merely as matter of inducement, leading up to, and declaring the reasons which induced plaintiff to make, his second offer. Plaintiff replies to the counter proposition of defendant, in a week, and perhaps as soon as it was received; but then, hearing that defendant was negotiating with another person, and fearing to lose the land, he disregards what has been done, and makes a new offer to plaintiff, on May 16th, raising his bid for the land. Plaintiff claims in his petition that the correspondence that then ensued by telegram upon his offer of $3,550, effected the binding bargain, for breach of which he sues. By no ingenuity can it be made out, that the cause of action set out in the petition, is the breach of any contract to sell for $3,200, effected by the first correspondence by letters.

The learned judge of the circuit court seems to have held that the correspondence set out in the petition as the foundation of plaintiff's action shows no absolute contract to sell the land to plaintiff; and in this, we agree with him. As the alleged contract was in writing, and set out in its very words, and not merely according to its supposed legal effect, the question is as to the interpretation of the written contract. The meaning of defendant's telegram of May 16th, seems to be not an unconditional acceptance of plaintiff's offer, but a statement that defendant is awaiting an answer from other persons, and that if those persons do not answer immediately, he will sell the land to plaintiff on terms stated by

defendant, and which plaintiff again has the right to reject, because plaintiff's offer says nothing as to paying $2,000 in cash and the remainder in twelve months, as is proposed by defendant in his answer to plaintiff's offer. An acceptance qualified with a condition does not bind the other party to a correspondence. *F. W. Mfg. Co.* v. *Broderick*, 12 Mo. App. 378. Plaintiff at once accepts the terms which are now proposed by defendant; but this acceptance may perhaps not bind defendant, because, on its face, his offer was to be void in the happening of a certain event, as to which it is not alleged that it did not happen.

The offer of defendant was a conditional one, and there is no allegation that the condition ever happened which alone could give to the offer such an absolute character as to make it binding in case of acceptance. Under this offer, defendant reserved to himself the right to sell the land to another person, with whom he professed to be in negotiation for a sale, provided that person answered immediately.

Perhaps that person did answer immediately and the land was sold to him. There could not be two distinct and different contracts between plaintiff and defendant for the purchase and sale of this land in existence at the same time. As the terms of the two contracts are contradictory, the parties could not be at the same time bound by both. It is not perceived, therefore, how it can be held that the correspondence by telegram was not a complete waiver by plaintiff of all right of action under the first contract. Both parties seem to have agreed to the discharge of the old agreement, and to the making of a new one, to the effect that, if a person with whom defendant was in correspondence did not at once answer, plaintiff would purchase, and defendant sell, for $3,550,— $2,000 cash, and the balance in one year. However this may be, plaintiff could not sue upon one contract and recover upon a different one. He sued, not upon the first, but upon the second, contract. The petition does not allege facts sufficient to constitute a

cause of action for breach of this second agreement, because it was not an absolute agreement to sell, but an agreement to sell on condition. A petition which says : " Defendant agreed with me to sell me Blackacre for $5,000, unless he at once concluded a sale of the same property to B. He has not sold me Blackacre," etc., states no cause of action, and is not good after verdict, because, on the face of the alleged contract, the not-selling to me was not necessarily a breach of it, since defendant had a right under the agreement to sell the land to B. When the proviso is in the nature of an exception, and is contained in the body of the covenant, it must be noted, and the liability shown in consistency with it. Gould Pl., ch. 4, sects. 19, 20. Verdict will cure the defective statement of a good cause of action. But verdict will not cure a statement which, after every intendment is made in favor of the pleader, and when everything that is stated by implication merely, is taken as if explicitly stated, shows no cause of action whatever.

2. The bill of exceptions in this case does not set forth any of the proceedings at the trial. The opinion in writing handed down by the learned judge of the circuit court in sustaining the motion in arrest, is written out in the bill, and this opinion contains a statement that, at the trial, " plaintiff without objection from defendant, elected to abandon the alleged telegraphic contract, and claimed to recover as for a breach of the contract made by letter to sell for $3,200." Appellant in his brief argues the matter as if the bill of exceptions showed this to us. Statements in the opinion of the trial judge are not to be regarded as forming part of the bill of exceptions, and we can not take notice of them as showing what was done at the trial. We have nothing before us for consideration but the record proper and the motion in arrest of judgment.

The judgment is affirmed. All the judges concur.