CHARLES B. VAN EVERY, Respondent, v. F. L. FLANDERS, Appellant.

March 30, 1885.

PRACTICE — PRESUMPTION IN FAVOR OF RULINGS OF TRIAL COURT.—

When the record shows that the only issue in a cause was an issue of fact; and when the tendency only of the evidence introduced by both parties is set out in the bill of exceptions, and not the evidence itself; and it appears that no evidence offered by either party was excluded; and if all that the record does show is in favor of the action of the trial court in giving or refusing instructions, this court will presume that the action of the trial court was in accordance with law; and thinks itself bound to make every inference authorized by the record in favor of the action of the trial court, and especially so when the declarations of law, which were refused are not supported by the evidence in the cause, so far as appears by the record.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of the case by the court:

This is a suit brought for the value of two certain buggies, for the delivery of which to him, plaintiff claims defendant bound himself by an agreement between them, for the exchange of certain real estate and other property.

"Plaintiff, to sustain the issues on his part, introduced evidence tending to show that he traded a hotel and the furniture therein to defendant, and that defendant agreed to trade him therefor, among other property, a certain livery stock in Kansas City, Mo.; that defendant failed to deliver a portion of said stock, to-wit: two buggies of the value of seventy-five dollars each, and a hack of the value of two hundred and fifty dollars."

"Defendant, to sustain the issues on his part, introduced evidence tending to show that he simply agreed to turn in as a part of the consideration of said trade, a certain livery stock in Kansas City, Mo., the title to which was in the firm of Stewart & Flanders, composed of one Stewart and a brother of defendant, upon which defendant had a mortgage, having no further interest in the same; that, before the trade was closed, the plaintiff knew the title to said livery stock was in said firm, and that to convey the title to said livery stock to plaintiff,

said firm executed and delivered a bill of sale of said stock to plaintiff, which said bill of sale defendant read in evidence; that plaintiff accepted said bill of sale; that defendant was no party to said bill of sale; that among the items of said bill of sale, was an item of twelve buggies; that no hack was mentioned in said bill of sale.

"Defendant introduced evidence to show that there were only ten buggies in said livery stock, and that plaintiff got those ten; that said bill of sale contained two more buggies than were in said livery stock so agreed to be traded by defendant to plaintiff."

Plaintiff asked no declarations of law; defendant asked three declarations of law which the court refused to give. Said instructions are in the words following:

1. The court declares the law to be that if in the trade between plaintiff and defendant a certain livery stock was sold by the firm of Flanders & Stewart, composed of a brother of defendant and one Stewart, and that plaintiff accepted from said firm a bill of sale of said stock, then if any item mentioned in said bill of sale was not by said firm delivered to plaintiff, plaintiff must recover from said firm, and not from defendant, for said missing item.

2. Under the pleadings and evidence in this cause the plaintiff cannot recover.

3. The court declares the law to be that if in the trade between plaintiff and defendant, a certain livery stock was to be sold and delivered to plaintiff, then defendant is not liable for anything not belonging to said stock, although in conveying said stock to plaintiff, the firm of Flanders & Stewart, composed of a brother of defendant and one Stewart, embraced in the items in said bill two more buggies than were in said stock; that plaintiff cannot recover under such circumstances for said two buggies, so improperly included.

The court found for plaintiff and the defendant has brought the case here by appeal.

C. O. TICHENOR for the appellant:

Defendant complains especially of the refusal to give

the third instruction. Defendant agreed that a certain livery stock, the title to which was in others, should be conveyed to plaintiff; but in so doing the vendors in their bill of sale recited items which were not a part of the stock. The court held that he could not show this, but was bound by the terms of the bill. Greenleaf on Evidence, vol. I., sect. 299, says: "The rule under consideration (the admissibility of parol evidence) is applied only in suits between the parties to the instrument, as they alone are to blame if the writing contains what was not intended, or omits that which it should have contained. It cannot affect third persons, who, if it was otherwise, might be prejudiced by things recited in the writings, contrary to the truth, through the ignorance, carelessness, or fraud of the parties, and who therefore ought not to be precluded from proving the truth, however contradictory to the written statements of others."

J. V. C. KARNES and WILLIAM ALLBRITAIN, for the respondent:

I. The first instruction was properly refused because the evidence did not support it. The second was a demurrer to the evidence, and of course could not be sustained, and was not then, nor is it now, urged.—45 Mo. 236. The reversal is asked principally on the refusal of the third instruction. In his statement of the case, counsel for appellant says: "Defendant gave evidence tending to show that there were only ten buggies in the stock; that the bill of sale called for two more buggies; that he was [held] bound by the recitals in the bill of sale, and that he could not be permitted to show that there were only ten buggies in the stock." This statement is founded upon a misapprehension of the record. As a matter of fact the record shows that there was no evidence whatever excluded, but that all that was sought to be introduced by appellant on this point was admitted and considered.

II. Both the first and third instructions were intended to cover the whole case, but neither of them takes into

account any evidence introduced by the plaintiff. Such instructions are bad.—50 Mo. 515 ; 27 Mo. 70 ; 37 Mo. 263.

III. The third instruction assumes as a fact one of the questions at issue. This is bad.—79 Mo. 366 ; 70 Mo. 679.

IV. This court will presume the circuit court decided correctly, unless contrary appears from the record.—*Ingran* v. *The State*, 7 Mo. 293 ; *Routsong* v. *Pacific R. R.*, 45 Mo. 236 ; *State* v. *Dorman*, 11 Mo. 635 ; *Coleman* v. *McKnight*, 4 Mo. 83.

Opinion by HALL, J.

The defendant complains in this court of the refusal by the trial court to give the declarations of law asked by him, and especially of the refusal to give the third declaration of law so asked.

As shown by the record there seems to have been no question of law in this case, but only a question of fact : namely, did the livery stock in controversy, as contemplated by the parties to the agreement, contain twelve or only ten buggies. The tendency only of the evidence introduced by both parties is set out in the bill of exceptions, and not in the evidence itself.

I. The first declaration of law as asked by defendant, we will presume, was properly refused by the court ; and that presumption is strengthened and in no way rebutted by the tendency of defendant's evidence as shown by the record. There is nothing in the record to show that the trial court erred in such refusal, but all that the record does show is in favor of such action by the trial court.

Evidence tending to show that defendant agreed to turn in, as a part of the consideration of said trade, a certain livery stock, is no support for a declaration of law, stating the effect of a sale, by others than the defendant, of the said stock to plaintiff.

II. The court was clearly right in overruling the demurrer to the evidence. There was evidence tending to sustain the issues on the part of the plaintiff.

III. The presumption to be drawn by us being in favor of the action of the court below in refusing the third de-

claration of law, we cannot say that evidence introduced by defendant, tending to show that he agreed to turn in the livery stock, supported that declaration declaring the effect of a trade in which a certain livery stock was to be sold and delivered to plaintiff.

From the record, as we have already said, the only issue in this case seems to have been an issue of fact. No evidence offered by either party seems to have been excluded. And we do not think that, by the refusal of the trial court to give the declarations asked by defendant, we can infer that that court tried the case on the theory that the defendant was bound by the terms of the bill of sale executed by the firm of Stewart & Flanders, without regard to the terms of the agreement between him and plaintiff. But, on the contrary, we think ourselves bound to make every inference authorized by the record in favor of the action of the trial court. We feel authorized to infer that the evidence admitted in this case tending to show that there were only ten buggies in said livery stock, and that plaintiff got those ten buggies, was considered by that court for what that court thought it worth.

The judgment of the circuit court is affirmed. All concur.