## GEORGE W. WALTERS v. WILLIAM H. TEFFT.

*Trespass qu. cl.—Pleading title—Error.*

1. Where, in trespass *qu. cl.*, the declaration avers title in the plaintiff, the only admissible form in Michigan for putting title in issue is for defendant to claim it under the notice filed with his plea.

2. A general verdict under a declaration which contains counts for trespass to realty and also for removing personalty after unlawful entry, will warrant a judgment for costs, if title was put in issue by the pleadings. How. Stat. § 8964.

3. Where the record alone is before the court of review without any bill of exceptions, no error can be presumed where the record itself does not show error.

Error to Wayne. (Speed, J.) June 10.—June 17.

TRESPASS. Defendant brings error. Affirmed.

*F. A. Baker* for appellant.

*Geo. X. M. Collier* for appellee. If the plaintiff recovers judgment upon verdict when the question of title to lands and tenements has been put in issue by the pleadings, or shall have come in question on the trial of the cause, he shall recover his costs: How. Stat. § 8964 subd. 2 ; *Druse v. Wheeler* 22 Mich. 444 ; *Cuming v. Prang* 24 Mich. 514.

SHERWOOD, J. The plaintiff brought trespass against the defendant for breaking and entering his dwelling-house and store, and injuring and carrying away his goods, averring title to the premises and property injured in himself. Defendant pleaded the general issue, and gave notice thereunder that he would show on the trial, "that the property he is alleged to have trespassed upon and injured was not the property of the plaintiff, but that of the defendant, at the time of the alleged trespass, and was owned and possessed by him." The plaintiff recovered a verdict at the circuit for $100 damages, and the court, upon motion, gave judgment therefor and for costs.

The defendant objected to the recovery of costs. How. Stat. § 8964 in this class of cases provides: " If the plaintiff recover judgment upon verdict, where the question of title of lands and tenements has been put in issue by the pleadings, or shall have come in question on the trial of the cause, he shall recover his costs."

The case comes clearly within this provision of the statute as it is presented upon this record. The declaration contains three counts, two of which were for trespass upon the realty, and the third was for taking and carrying away property after the unlawful entry. This can make no difference, since the verdict was general, and included the damages for the trespass upon the real as well as the personal property. The paragraph of the statute referred to gives costs in cases where the title to land is put in issue by the pleadings, as well as where it shall actually come in question upon the trial. Here it was put in issue by the pleadings. The title was averred to be in the plaintiff by the declaration, and the defendant claimed title under the notice filed with his plea. This is, under our statute, the only admissible form of pleading such matters. *Druse v. Wheeler* 22 Mich. 445; *Cuming v. Prang* 24 Mich. 514.

In this case there is no bill of exceptions. The record alone is before us, from which it appears that after the verdict was rendered motion was made, based upon the files and records in the case, by plaintiff, that he be allowed his costs, and which was argued by counsel and decided by the court in favor of the plaintiff, and there is nothing in the record showing that the motion was not correctly decided. This Court cannot presume error.

The judgment must be affirmed.

The other Justices concurred.