## MARTIN WOLF v. THOMAS HOLTON.

*Trespass—Declaration containing no distinct allegation of title—And describing close as forty acres of land—Question of possession only involved—Evidence that acts complained of were committed by defendant as pathmaster—In plowing and scraping on side of highway adjoining plaintiff's land—For purpose of repairing the road—Renders it doubtful if plaintiff is entitled to recover on his own showing—While land, as described, technically covers to center of highway—Good pleading requires declaration to locate the alleged trespass in the highway—Whether such location does not render it necessary for him to show the acts unlawful, Query—His possession being subject to public easement—Defendant had the right to show that he was acting officially—Which was a good defense, and, as the case stood, entitled him to a verdict.*

1. Plaintiff sued defendant in justice's court for an alleged trespass on forty acres of land *specifically* described in his declaration, which contained no *distinct* allegation of *title*. Defendant pleaded the general issue, and on the trial was allowed to give notice that the alleged trespass was committed by him as path-master of the district in which the land was situated. On the trial in the circuit court defendant was confined to his plea of the *general issue*, and it appeared from the testimony that the acts complained of consisted in plowing and scraping on the side of the road next to plaintiff's land for the purpose of putting the highway in better repair for travel. The circuit judge ruled that this defense could not be entertained *under the pleadings*, and directed a verdict for nominal damages in favor of the plaintiff.

*Held*, error; that it is doubtful if, under his declaration and the evidence introduced under it, plaintiff was entitled to recover on his *own* showing; that while his land, as described, technically embraced the part of the highway where the excavations were made, good pleading required that the declaration should advise defendant that the trespass complained of was in a public highway, instead of alleging generally the destruction of corn and grass upon a certain government description, leading naturally to the conclusion that it was committed upon the inclosed and cultivated land of the plaintiff.[1]

---

[1] See *People v. O'Brien*, 60 Mich. 8, where it is held that " the highway," in the common use and acceptation of the term, cannot be considered as the "improved land " of the adjoining landed proprietor; and that the words as used in How. Stat. § 9174, punishing a trespass on the "improved land" of another, do not apply to land within the limits of a highway.

*Held,* further, that when plaintiff's evidence located the acts complained of in the highway, the query arises if it was not necessary for him to go further and show that the acts were *unlawful,* his possession, as shown, being subject to the public easement.

*Held,* further, that in any event defendant had the right to make the defense he did, which was a good one, and that, as the case stood, the verdict should have been for the defendant.

2. Where in an action for trespass to lands the declaration contains no *distinct* allegation of title in the plaintiff, the *possession* only is in issue. *Vandoozer v. Dayton,* 45 Mich. 250.

Error to Gratiot. (Hart, J.) Argued May 12, 1886. Decided June 10, 1886.

Trespass. Defendant brings error. Reversed. The facts are stated in the opinion, and in head-note 1.

*Giddings & Crandall,* for appellant:

Plaintiff, under his declaration, must show possession of that portion of the premises where the alleged trespass was committed: *Tracy v. Butters,* 40 Mich. 406; and where he relies on possession, the defendant has a right to disprove it: *Vandoozer v. Dayton,* 45 Id. 250.

*James K. Wright,* for plaintiff:

How. Stat. § 6815, ousts a justice of jurisdiction of real actions for a disturbance of a right of way or other easement: *Fowler v. Hyland,* 48 Mich. 179.

It is admitted that plaintiff was in peaceable possession of the premises described in his declaration, subject to the easement of the public in the portion included in the highway; hence defendant should have given the statutory notice and bond, and the case should have been certified to the circuit court. A justice cannot try and determine a case in which the title to real estate shall in anywise come in question: *Stout v. Keyes,* 2 Doug. 184; *Brooks v. Delrymple,* 1 Mich. 145; and such cases are provided for by How. Stat. §§ 6890–1–2.

In an action of trespass in justice's court a plea of right of way puts in question the title to land, and deprives the court of jurisdiction: *Striker v. Mott,* 6 Wend. 465; and in an action of trespass *quare clausum fregit,* the defense that the *locus in quo* is a public highway raises a question of title to land, which cannot be tried before a justice: *Randall v. Crandall,* 6 Hill, 342.

MORSE, J. This is an action of trespass, commenced in justice's court. The declaration averred :

"That the defendant, on, to wit, the second day of October, A. D. 1883, and on divers other days from said second day of October, A. D. 1883, up to the time of the commencement of this suit, with force and arms, the close of the said plaintiff, situate in the township of. Bethany, in said county, and known and described as being the N. E. ¼ of the N. E. ¼ of section No. 15, township No. 12 N., of range 2 W., in Gratiot county, Michigan, broke and entered, and with his feet, in walking, and with cattle, to' wit, horses, hogs, and oxen, trod down, trampled upon, and destroyed the grass and corn of the said plaintiff, then growing, and other injuries to him then and there did, against the peace of the People of the State of Michigan, and to the plaintiff's damage of $100."

The defendant pleaded orally the general issue.

It appears from the return of the justice, made upon appeal to the circuit court, that, upon the trial before him, it appeared from the plaintiff's testimony that the—

"Trespass alleged was committed while working on the road. Defendant, by motion allowed, amended his plea as follows, to wit : that if the defendant did anything upon the premises in question, he did it by virtue of his office of pathmaster of the district wherein the land is situated."

The cause was then tried, and judgment rendered for the plaintiff for six cents damages, and eight dollars and four cents costs.

The bill of exceptions, settled by the parties and signed by the judge who presided at the trial in the circuit court, shows that the trial there proceeded under the same declaration as in justice's court, but the plea of the defendant was confined to the general issue.

The plaintiff gave evidence that on the second day of October, 1883, and other days thereafter,—

"The defendant made certain excavations in the soil in the road or highway running on the north side of the said premises, by plowing and scraping the same ; that said excavations were made at least thirty feet south of the center of the highway or road aforesaid, next to his fence inclosing the premises described in the declaration ; that said plaintiff was

in possession of the premises so described in plaintiff's declaration, subject to the easement and right of the public in that portion thereof in said highway. Said plaintiff also testified that said excavations so made as aforesaid were without his consent, and that he was damaged thereby."

The defendant then gave in evidence that the road in which the excavations were made was a public highway, four rods wide, of twenty years' user, and upwards; that he was overseer of highways in the district in which this part of the highway was situated; that the plowing and scraping was done by him, and under his directions, as such overseer, for the purpose of putting said road in better and necessary repair, so that it would be in a proper and suitable condition for public travel. The circuit judge ruled that this defense could not be entertained under the pleadings, and instructed the jury to find a verdict for the plaintiff for nominal damages. Verdict and judgment for six cents, and costs of suit.

We think the circuit judge was in error.

It is very doubtful if the plaintiff, under his declaration and the evidence introduced under it, was entitled to recover on his own showing. While the description of his close, being a government subdivision, technically embraced the south half of the highway where the excavations were made, good pleading would require that some notice should be given the defendant that the trespass complained of was in a public highway, instead of a general allegation of the destruction of grass and *corn* upon a certain quarter of a quarter section, leading naturally to the conclusion that it was upon the inclosed and cultivated land of the plaintiff. There was no distinct allegation of title, and under the declaration the possession only was in issue: *Vandoozer v. Dayton*, 45 Mich. 250.

When the plaintiff's own evidence located the acts complained of in the highway, the query arises if it was not necessary for him to go further and show that the acts were unlawful. His possession, as shown, was subject to the easement of the public, and it is not clear that the act of plowing and scraping the highway was a trespass *prima facie*.

At any rate, the defendant had a right to make the defense he did, which was a good one. As the case stood, the verdict should have been for the defendant.

The counsel for the plaintiff argues that the notice allowed by the justice to be filed by the defendant raised the question of title, and ousted that court of jurisdiction. If this be true, the plaintiff was not entitled to judgment, in justice's court or upon appeal. But we do not think the question of title came in issue.[1] The plaintiff's own evidence developed that he did not have exclusive possession of the premises upon which the alleged trespass was committed, and that his possession was subordinate to that of the public. The defendant, therefore, had the right to show that what he did was lawfully performed, under and by virtue of this possession of the public, and in the legitimate furtherance of the rights and needs of travel in a public highway.

The judgment of the court below is reversed, and a new trial granted, with costs of both courts.

The other Justices concurred.

---

[1] See *Keyser v. Sutherland,* 59 Mich. 465.