ANNE KENNEDY, Appellant, v. HENRY McNICHOLS, Respondent.

St. Louis Court of Appeals, January 31, 1888.

COURT, TRIAL—PRESUMPTION IN FAVOR OF ITS JUDGMENT.—Where the record is wholly silent as to the facts upon which a motion was determined in the trial court, an appellate court will presume that the facts presented were such, as that a correct application of the law to them would necessitate the conclusion reached; provided, that no incongruity or repugnancy in such presumption appears. from anything contained in the record.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

E. A. B. GARESCHÉ, for the appellant: Notice of appeal not having been given to appellant at least ten days before the December term, appellant was entitled to a dismissal of the appeal, and the court erred in overruling her motion to dismiss. Rev. Stat., 1879, sec. 3057.

J. R. CLAIBORNE, for the respondent: Plaintiff waived the notice required by statute by a voluntary appearance in the circuit court to the case upon its merits.

LEWIS, P. J., delivered the opinion of the court.

The record shows that, on July 2, 1886, the plaintiff obtained a judgment against the defendant before a justice of the peace. On July 6, the defendant took an appeal, which was returnable to the October term of the circuit court. No notice of the appeal was given to the appellee, and the cause was continued to the December term. On January 14, 1887, the

plaintiff filed a motion to dismiss the appeal for want of notice, and, on January 28, this motion was overruled. Again the cause went over to the next term, and on March 8, 1887, was dismissed by the court for want of prosecution. On March 11, the plaintiff moved to set aside the dismissal and reinstate the cause, but this motion also was overruled.

Our statement, thus far, covers all the proceedings that are sufficiently preserved in the record proper and the bill of exceptions. The learned judge of the circuit court, in overruling the plaintiff's motion to dismiss the appeal, gave an opinion in writing, which is copied into the record. In this paper he recites that, "It appears from the attorneys' trial docket, that the case was regularly set for trial in numerical order, in room No. 1, on December 9, and that the attorney for plaintiff wrote, or caused to be written, his name upon that docket, as plaintiff's attorney in the case, in the proper place upon that docket. And it appears from the judge's docket that, upon the calling of the case for trial, on December 9, the plaintiff's attorney and defendant's attorney answered ; that their names were written on the judge's docket ; that they then waived a jury, and that thereupon the court laid over the trial of the cause to Saturday, December 11, at 2 o'clock. The sheriff's docket also shows this. The judge's docket next shows that, on December 11, the case was again laid over to December 14, Tuesday, at 2 p. m., at which time a rule was made on the justice to amend his transcript. None of the dockets show (as they would if a written motion had been made) that before this rule was made, the plaintiff orally moved for an affirmance of the judgment." The learned judge was of opinion that the state of facts thus recited showed a general appearance on the part of the plaintiff to the merits of the cause, and hence she was barred of her statutory motion for a dismissal of the appeal for want of notice.

It is well understood that "the opinion of the trial court, filed in a case tried without a jury, will not be

treated as a special verdict, or as a finding of fact, and is not a part of the record." *Field v. Crecelius,* 20 Mo. App. 302. Its statements "are not to be regarded as forming part of the bill of exceptions, and we cannot take notice of them as showing what was done at the trial." *Brecheisen v. Coffey,* 15 Mo. App. 80 ; *Lawver v. McLean,* 10 Mo. App. 591. The recitals, therefore, in the opinion filed by the learned judge and hereinabove quoted, cannot be considered by us, for any purpose, on this appeal. Our decision must be controlled, as in every case, by such matters, only, as are properly preserved in the record. It results that, so far as this court is concerned, the record is a blank, touching the grounds upon which the court below overruled the plaintiff's motion to dismiss the appeal. Nothing here indicates to us that the plaintiff had entered a general appearance to the merits of the cause, or that she had otherwise waived her right of notice, or of a dismissal for the want thereof. Nevertheless, the well-settled rules of appellate practice are quite as imperative as such indications might be, in demanding an affirmance of the judgment.

Rights which may be enforced by motion in the progress of a cause, are generally of such a character that the party entitled may waive them so effectually, by his acts or words, that he can never thereafter be heard to assert them. No better illustration of such a waiver and estoppel need be looked for than would be found in the state of facts (supposing them to be true) recited by the trial judge in his written opinion in this case. The record is silent about them, but we may not, therefore, deny the possibility of their existence. This consideration brings into direct application the well-settled rule that : "In the absence of any showing of the facts, it will be presumed, on appeal, that the judgment is in accordance with the facts." *Bauer v. Cabanne,* 11 Mo. App. 114 ; *Van Every v. Flanders,* 17 Mo. App. 240. The rule is of universal and controlling application, wherever the record is wholly silent as to the facts upon which a judicial decision has been pronounced,

and there is no incongruity or repugnancy in the supposition that facts were presented which justified the decision. *State v. Brown*, 75 Mo. 317; *Turley v. Edwards*, 18 Mo. App. 676; *Johnson v. Long*, 72 Mo. 210; *Cress v. Blodgett*, 64 Mo. 449. It follows that, in the present case, every presumption in this court must be in favor of a correct application of the law to the facts appearing to the court upon the hearing of the motion; in other words, that such facts were before the court as made the overruling of the motion a proper conclusion.

With the concurrence of all the judges, the judgment is affirmed.