Prilliman *v.* Mendenhall *et al.*

Filed October 9, 1889.

---

No. 13,648.

PRILLIMAN *v.* MENDENHALL ET AL.

TRIAL.—*Finding by Jury.*—*When Deemed General.*—Where the court, of its own motion and for its information, calls a jury to find as to the facts, the finding will be deemed a general, and not a special finding.

SUPREME COURT.—*Questions Relating to Evidence.*—*When not Presented.*—In the absence of a bill of exceptions, no question is presented upon the admission of evidence, or as to whether the evidence supports the finding.

From the Tipton Circuit Court.

*J. Jones,* for appellant.

*J. I. Parker* and *J. A. Swoveland,* for appellees.

COFFEY, J.—This was an action in the Tipton Circuit
Court by appellant against the appellees for an injunction.
The cause was tried by the court, with questions of fact re-
ferred to a jury which it was required to find for the infor-
mation of the court. The jury returned its finding of the
facts to the court, upon which the court entered a finding
and judgment for the appellees.

The assignment of errors in this court treats the facts found
by the jury as a special finding of the court, and is predi-
cated upon such finding as if it were a special finding of the
court made at the request of one of the parties to the suit.

It is contended by the appellees that there is no special
finding in the record, and that, therefore, there is no ques-
tion presented for our consideration.

Section 409, R. S. 1881, provides that issues of law and
issues of fact in causes that, prior to the 18th day of June,
1852, were of exclusive equitable jurisdiction, shall be tried
by the court; issues of fact in all other causes shall be triable
as the same are now triable. In case of the joinder of causes
of action or defences, which, prior to said date, were of ex-
clusive equitable jurisdiction, with causes of action or defences
which, prior to said date, were designated as actions at law,
and triable by jury, the former shall be triable by the court,
and the latter by a jury, unless waived; the trial of both may
be at the same time, or at different times, as the court, may
direct: *Provided,* That in all cases triable by the court as
above directed, the court, in its discretion, for its informa-
tion, may cause any question of fact to be tried by a jury, or
the court may refer any such cause to a master commissioner
for hearing and report.

Section 551, R. S. 1881, provides that upon trials of ques-
tions of fact by the court, it shall not be necessary for the
court to state its finding, except generally, for the plaintiff
or defendant, unless one of the parties request it, with a view
of excepting to the decision of the court upon the questions
of law involved in the trial, in which case the court shall

Prilliman *v.* Mendenhall *et al.*

first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly.

Under this latter statute, it has often been held by this court that where the record does not disclose the fact that the special finding was made at the request of one of the parties, it will be treated as a general finding. *Northcutt* v. *Buckles,* 60 Ind. 577 ; *Caress* v. *Foster,* 62 Ind. 145 ; *Weston* v. *Johnson,* 48 Ind. 1..

There was no request made by either party in the court below for a special finding of the facts, and we think the facts returned by the jury can not be treated in this court as a special finding of the trial court. The finding of the circuit court must be treated as a general finding for the defendants, and the questions which appellant seeks to raise as to the conclusions of law upon the special finding of facts do not arise in the case.

The appellant also assigns as error that the circuit court erred in overruling the motion for a new trial. The causes assigned for a new trial relate to supposed errors of the trial court in the admission of evidence, and in the fact that the evidence does not support the finding of the court.

There is no bill of exceptions in the record, and we have, therefore, no means of knowing whether the supposed errors exist or not.

It is further assigned as error that the court below erred in overruling the motion of the appellant in arrest of judgment.

We have read the record in this cause, and discover in it no reason for arresting the judgment. There is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Oct. 9, 1889.