Jacobs v. The State.

No. 15,869.

JACOBS v. THE STATE.

FINDING.—*Special and General.*—Where the court is not asked to make a
special finding, a finding made by it will be treated as a general finding.
PAYMENT.—*Plea of.*—*Evidence.*—For evidence held sufficient to support a
plea of payment by the State for services rendered by plaintiff's firm
of attorneys, see opinion.

From the Marion Superior Court.

*C. P. Jacobs,* for appellant.

*A. G. Smith,* Attorney General, and *J. H. Gillett,* for the
State.

BERKSHIRE, J.—This is an action brought against the ap-
pellee by the appellant to recover certain sums of money al-
leged to be due on account of services rendered the appel-
lee by the firm of Barbour and Jacobs, attorneys at law.

The cause was put at issue and tried by the court and a
finding made for the appellee, and, over a motion for a
new trial, judgment was rendered for the appellee.

The only question which the assignment of error presents
for our consideration is the ruling of the court in overruling
the motion for a new trial.

The only reasons assigned in the motion for a new trial
are that the verdict is not sustained by sufficient evidence,
and is contrary to law.

The only question discussed in the briefs of counsel is the
sufficiency of the evidence to sustain the finding.

The court states, in a bill of exceptions, that it rests its
finding upon the following ground : " The court was unable
to make any allowance to the plaintiff as against the defend-
ant in this cause, for the reason that it appeared the Legisla-
ture, in 1873, made an appropriation to Barbour and Jacobs
for services in the causes whereon the claim arose, and the
presumption would be that such allowance was in full for all
services in the said causes, whether theretofore rendered or
thereafter to be rendered, and that the evidence in the case
was not sufficient to rebut this presumption."

The court was not asked to make a special finding, and hence the finding made by the court must be regarded and treated as a general finding. *Northcutt* v. *Buckles*, 60 Ind. 577; *Zeller* v. *City of Crawfordsville*, 90 Ind. 262; *Prilliman* v. *Mendenhall*, 120 Ind. 279.

The reasoning of the court which led to the conclusion to which it arrived is wholly immaterial, except by way of argument, coming as it does from a court of high standing.

The ground upon which the court placed its finding can not control its legal effect, nor give to it the character of a special finding; hence, as it is a general, and not a special finding, the question for us to determine is, whether or not, under the issues upon which the cause was tried, there is sufficient evidence to support the finding independent of any evidence that may have been introduced tending to support an opposite view. Among other answers pleaded there was a plea of payment.

It appears in evidence that the Legislature, in the year 1873, made an appropriation for the benefit of the appellant's firm on account of their services in looking after and attending to the matters in litigation to which the services sued for relate.

In view of the circumstances under which the appropriation was made, and the inability of the appellant to explain with any exactness just what it was intended to cover, and the further significant fact that no demand was made for payment after the year 1875, until the commencement of this suit in the year 1889, coupled with the further fact that the senior member of the appellant's firm died in the year 1880, we are not prepared to say that the trial court might not infer payment. Indeed, we think the evidence tended strongly to support the plea of payment.

We find no error in the record.

Judgment affirmed, with costs.

Filed Jan. 30, 1891.