HENRY A. REDMAN VS. THE TERRITORY OF OKLA-
HOMA.

1. COURTS—*Presumption*—It is the general rule that all reasonable pre-
sumptions and intendments will be made in favor of the proceedings
of a trial court.

2. NEW TRIAL—*Motion for*—*Admonition of Jury*—If the court has
failed to admonish the jury upon adjournments, as required by law,
a motion for a new trial, on that ground, should allege such failure,
and the motion for new trial should be supported by competent evi-
dence showing that fact.

3. TRIAL—*Defendant, Presence of*—After a careful reading of the rec-
ord, *held:* That it shows affirmatively the presence of the defendant
at every step of the trial, and that all the proceedings of the trial
court were regular.

*Error from the District Court of Lincoln County.*

Indictment for murder.   Convicted.   Sentenced,
eight years.   The facts are stated in the opinion.
Judgment of the lower court affirmed.

*L. E. Payne* and *H. R. Thurston* for appellant.

*C. A. Galbraith, Attorney General, George Gardner* and
*D. N. Frazier* for the Territory.

The opinion of the court was delivered by

SCOTT, J.:   On the 23d day of May, 1893, the grand
jury of Lincoln county returned an indictment against
Henry A. Redman, charging him with the murder of
one Lou Redman, his wife.   On the 2d day of June,
1893, a demurrer was filed to the indictment, which
the court overruled.   Trial took place on the 15th day
of February, 1894.   The jury returned a verdict find-
ing him guilty of manslaughter in the first degree.

On the same day he filed a motion for a new trial
alleging:

"1. The verdict is contrary to the evidence.

"2. The verdict is contrary to the law.

"3. Because no verdict sufficient in law has been
found by the jury.

"4. For errors of law occurring at the trial and
excepted to at the time."

This motion the court overruled and on the 15th day
of February, 1894, he filed his motion in arrest of
judgment, which was likewise overruled, and on the
17th day of February, 1894, he was sentenced by the
court to imprisonment in the penitentiary, at Lansing,
Kansas, for a period of ten years, with two years off,
being the period of his incarceration in jail awaiting
trial.    To all of which exceptions were taken, and the
case comes to us for review.

One of the errors alleged is that the record fails to
show that the court admonished the jury upon each
adjournment, as required by law, and *State vs. Mulkins*,
18 Kan., 16, is cited.    This case, unless read carefully,
is likely to prove misleading.    Upon a careful exam-
ination thereof it clearly fails to sustain the conten-
tention of the appellant.    If it were true that the
court actually failed to admonish the jury, as required
by  § 5660,  Statutes of Oklahoma,  it  would  be
error, without doubt, whether the jury had been kept
in charge of officers or not.    Before it is error, the fact
must be established that the admonition was not
given.    In *State vs. Mulkins, supra.*, it appears by com-
petent proof that the court failed to admonish the
jury, and it was held error, which is the law.    In the
absence of proof to the contrary, the proceedings of a
court are presumed to have been regular and in due
form of law, except where a constitutional right is
involved, such as presence during the trial.    If it were

a fact that the court did not admonish the jury, appellant should have set that fact out in his motion for a new trial and supported the charge by competent evidence; then, unless the prosecution could have shown that his rights had not been substantially prejudiced, the motion should have been sustained. The mere charge of error of law occurring during the trial. and excepted to, not supported, is insufficient. In *State vs. Mulkins*, the defendant filed a motion for new trial, setting forth, among other things, that the jury had been allowed to separate without being admonished by the court; that there was misconduct of the jurors during the time of such separation'. At the time of the hearing an affidavit of one of the juror was read in evidence by the defendant, which affidavit stated, among other things, that a person who had heard one of the witnesses testify, said to the juror that if he were on the jury he would hang the old rascal; that he was guilty and ought to be hung. The trial court refused to grant a new trial and the case was appealed to the supreme court. The court held that the question of prejudice to the defendant's rights had been properly raised and the burden of proving that his rights had not been substantially prejudiced was upon the prosecution, and therefore, if the state did not show, by competent evidence, that the defendant's rights had not been prejudiced, it would be presumed that they had been. The distinction is clearly drawn in the opinion. The court says:

"Of course, if shown affirmatively by the facts in the case, or by the facts brought into the case at the time of the hearing of the motion for a new trial, that nothing transpired during the irregular separation of the jury predjudicial to the defendant's rights, then the court would not err in overruling the motion. This view of the question, of course, throws the burden of proving that no prejudice occurred by reason

of the failure of the court to admonish the jury, upon the state."

In the case at bar, the motion for a new trial simply contained the charge of "error of law occurring on the trial," and no affidavit, or other evidence, offered to show such failure.

In the absence of direct proof to the contrary, we must presume that the court below admonished the jury as required by law, and did all that was necessary to be done. The presumption is that the court duly admonished the jury as to their duty. (*Evans vs. State*, 7 1nd. 271; *State vs. Palmer*, 40 Kan. 474; 20 Pac-Rep. 270; Elliott's Appellate Procedure, § 723). The rule that all reasonable presumptions and intendments will be made in favor of the ruling of the trial court is one of the best settled and most recently applied rules in appellate procedure. (*Prillmon vs. Mendenhall*, 120 Ind. 279, 22 N. E. Rep. 247; *Rapp vs. Kester*, 125 Ind. 79; *Bishop vs. Village of Goshen*, 120 N. Y. 337; *Walters vs. Tefft*, 57 Mich. 390, 24 N. W. Rep. 117; *Morisey vs. Swinson*, 104 N. C. 555, 10 S. E. Rep. 754; *Chestnut vs. Pollard*, 77 Tex. 86; Elliott's App. Proc. § 710; 13 S. W. Rep. 852; *Kennedy vs. McNichols*, 29 Mo. App. 11).

The objection is raised that the court erred in admitting the testimony of Jennie Watt, stenographer, from her shorthand notes, reproducing the testimony of S. B. Macklin, deceased, given on a former trial of appellant on the same indictment. The testimony complained of, as shown by the record, is as follows:

"Ques. Now you may state what the testimony of Mr. Macklin was on that trial to which you have just referred." .

[Objected to by defendant as incompetent, irrelevant and immaterial, no proper foundation being laid for the evidence, and because the evidence of the witness does not show that she recollects the testimony of

said Macklin. The court overruled the motion, and to the ruling the defendant duly excepts.]

"Ques. Do you remember his testimony?" "Ans· I remember it as I have refreshed my memory from my notes, only."

"Q. After having refreshed your memory from your notes, state as fully as you can, what he testified in regard to the matter." "A. He testified that he guarded Mr. Redman some two or three days after his arrest, and that he talked to him about his daughter Lizzie, and said he was terribly afraid they would get around her and get her to testify something that would convict him, and that he asked the witness, Macklin, to go to her and see her and form an idea of what she was going to swear to. That is about all he testified to on that point that I remember."

[Defendant moved to strike out the evidence of the witness as incompetent. The court overruled the objection; defendant excepts to the ruling.]

The defendant should have interposed his objection to the questions asked by the prosecution, and not have waited until it was propounded and answered and then move to strike it out. The question was not misleading nor the answer different from what the question implied it would be. If the witness had responded by evasion, or had stated an answer that the question did not call for, the motion to strike out would have been proper and should have been sus-·tained. But where a question material, relevant and competent, is propounded, and no objection interposed, and the witness answers properly, a motion to strike out will not be sustained.

The further objection is raised that the record does not show affirmatively that the defendant was present during the trial and especially when the verdict was received. We have carefully read the record and think it is sufficiently shown that the defendant was present at every step in the trial. He was present on the 6th day of February, when his counsel presented

a motion for a continuance; on the 10th day of February, when his trial was commenced, and on each day thereafter until his trial was concluded, and the jury had returned with their verdict. We can see no error in this assignment.

We are unable to find any error in this case, though the questions involved have been dilligently considered. Fifty-six errors are alleged in the ruling of the court upon the admission of evidence, suppression of depositions, and the refusal of instructions offered by the defendant, and we have with unusual patience and application carefully examined them all; but after this thorough search and review, we can find no good reason for a reversal of the case, and a further discussion of the questions raised would result in nothing useful to the appellant, the prosecution or the public.

The judgment of the lower court will be affirmed, and the appellant ordered to be forthwith conveyed to the penitentiary in accordance with the judgment of the lower court as therein pronounced.

By the court: It is so ordered.

Justice Bierer having presided in the court below not sitting; all other Justices concurring.