HENRY W. OSTROM v. ALBERTSON POTTER AND FRANK POTTER.

[See 71 Mich. 44.]

*Trespass—Pleading—Title to premises—Judgment—Costs.*

1. The title to lands, which is averred in a declaration for trespass to lands to have been in the plaintiff at the time of the commission of the trespass, is not put in issue by the plea of the general issue.

2. How. Stat. § 8964 (subd. 2), which provides that if the plaintiff recover judgment in an action in which the title to lands or tenements has been put in issue by the pleadings, or has come in question on the trial, he shall recover his costs, does not authorize a judgment for costs in favor of the plaintiff in an action for trespass to lands upon the recovery by him of a judgment for nominal damages, where the plea of the general issue alone is interposed to the declaration, which avers the ownership and possession of the lands trespassed upon to have been in the plaintiff, and the record shows conclusively that the title to the lands did not come in question on the trial.

Error to Oakland. (Moore, J.) Submitted on briefs January 25, 1895. Decided February 12, 1895.

Trespass. Defendant Albertson Potter brings error from a judgment for costs in favor of the plaintiff. Reversed, and judgment entered in this Court for appellant. The facts are stated in the opinion.

*J. Ten Eyck,* for appellant.

*Aug. C. Baldwin,* for plaintiff.

LONG, J. This action of trespass *quare clausum* was commenced in the circuit court. The declaration averred title in fee and possession of the premises, which were specifically described. Plea, general issue. On the trial,

plaintiff proved his title by the introduction of a deed of conveyance to himself, proved his possession, and the trespass of defendants by the digging and taking away of several loads of earth from the highway. Defendant offered no evidence, except to show the number of loads of earth taken, and that the trespass was not willful and malicious.[1] The jury returned a verdict in favor of the plaintiff for six cents damages. The court, in entering judgment upon this verdict, certified that the title to the land came in question, and gave judgment in favor of the plaintiff for full costs. Defendant appeals, and claims that the court was in error in regard to the judgment for costs.

Section 8964, How. Stat., provides:

"In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer, or otherwise, in any action or proceeding at law, he shall recover his costs:"

Subdivision 2. "In all actions to which the title of lands or tenements or right of way, or right by prescription or otherwise to any easement in any land, or to overflow the same, or to do any other injury thereto, shall have been put in issue by the pleadings, or shall have come in question on the trial of the cause."

If the plaintiff be entitled to costs, it is by virtue of this subdivision 2 of this section. The plea was the general issue only, and if such plea was a denial of the plaintiff's title, or under it the defendants had the right to prove title in themselves or in a third party, then it may be said that the title was put in issue by the pleadings, and came in question on the trial of the cause.

The general issue is a demand of a trial of the matters set forth in the declaration, and puts in issue every matter except such as, prior to the adoption of section 7362, How. Stat., were required to be pleaded specially, or of which special notice was required to be given under the

---

[1] Defendant Albertson Potter alone defended.

general issue.  How. Stat. § 7363.  As special notice is required to be given only of those matters which had previously been required to be specially pleaded, it follows that the general issue in this State is exactly as broad as the general issue at common law, with the qualification that, as to all such matters as should have been specially pleaded at common law, the defendant should now annex to his plea of the general issue a notice "briefly stating the precise nature of such matter of defense."

At the common law the plea of the general issue to such a declaration allowed the defendant to show title in himself or in some other person, on the theory that proof of title in defendant or in some other person falsified the averment in the declaration that the defendant broke the plaintiff's close; but this pleading was early modified, for in the Hilary term, 4 Wm. IV., it was provided:

"In actions of trespass *quare clausum fregit*, the plea of not guilty shall operate as a denial that the defendant committed the trespass alleged in the place mentioned, but not as a denial of the plaintiff's possession or right of possession of that place, which, if intended to be denied, must be traversed specially." Reg. Gen. Hil. T. 4 Wm. IV. r. 5; 1 Chit. Pl. (16th Amer. ed.) 538; *Jones v. Chapman*, 18 Law J. Exch. 456.

In this State a declaration in trespass for breaking and entering plaintiff's close, without asserting and describing the title in the plaintiff to the lands, is not such a claim of title as, under the statute, is admitted by the plea of the general issue.  The land is the close of the plaintiff, if he had peaceable possession, even though he had no title, and was not the plaintiff's close if the defendant was in peaceable possession.  Under such a declaration, the plaintiff relies upon his possession, and the defendant may disprove it under the general issue.  *Vandoozer v. Dayton,* 45 Mich. 247; *Dewey v. Bordwell,* 9 Wend. 65.  It was said by Mr. Justice COOLEY in *Vandoozer v. Dayton, supra,*

in speaking of the declaration in the case, and the claims made under it:

"All these rulings of the circuit judge were based upon the assumption that the plaintiff had asserted title in himself by his declaration, and described it, and that defendant had admitted it by his pleading. [The general issue only was pleaded.] If the assumption had been well founded, the judge would have ruled correctly in holding that defendant could not show any right or possession in himself as tenant, for a tenancy of any sort would be a species of title."

Mr. Justice CAMPBELL laid down the rule in *Druse v. Wheeler*, 22 Mich. 445, which follows the common law, and which resembles closely, if it is not entirely similar to, the Hilary rule. He said:

"Both title and license were set up in the notice under the general issue, which is, under our practice, the only admissible form of pleading such matters, and each is within the clear intent of the statute."

Again, in *Walters v. Tefft*, 57 Mich. 391, it was said:

"The title was averred to be in the plaintiff by the declaration, and the defendant claimed title under the notice filed with his plea. This is, under our statute, the only admissible form of pleading such matters."

In *Keyser v. Sutherland*, 59 Mich. 465, it was said:

"Pleading the general issue, without putting the title in issue, in the trespass case, the defendant in that action could only contest the fact of trespass. The narrow issue thus made excluded any assertion or trial of ownership of the premises, and, for the purposes of that trial, conceded the title to be in Keyser."

While the trespass case above referred to was commenced in justice's court, and the statute provides for such pleading, yet the rule, we think, is as well established in actions commenced in the circuit court that the plea of the general issue is not a denial of title, where title is declared upon, in actions *quare clausum*. It cannot be

said in the present case that the title to the premises was put in issue by the pleadings, as the general issue was not a denial of the plaintiff's title. If defendants desired to raise that issue, they could do so only by proper notice under their plea.

The record shows conclusively that the title to the lands did not come in question on the trial, as the defendant did not undertake to defeat plaintiff's title. It is evident, that the learned circuit judge, in certifying that the "title to the premises came in question," did so upon the assumption that the plea of the general issue was a denial of the plaintiff's title.

The court below was therefore in error in awarding costs to the plaintiff upon a verdict of six cents damages. The defendant was entitled to full costs.

The judgment for costs will be reversed, and judgment entered here in favor of defendant for costs of both courts..

The other Justices concurred.