THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED
WORKMEN v. MARY EDMONSON
(Filed February 18, 1898.)

1. CASE-MADE—*Amendment.* "Neither this court nor the trial court
or judge has the power to amend a case-made after it has been
settled and signed by said judge and attested by the clerk of
his court." (*Grand Lodge, A. O. U. W., v. Furman, supra.*)

2. RECORD—*What Constitutes.* "The evidence constitutes no part of
the record of a case, hence, testimony omitted from a case-
made can not be presented to this court on a suggestion of a
diminution of the record followed by a proceeding in the nature
of *certiorari* to bring up all omitted matters of record in said
case." (*Grand Lodge, A. O. U. W., v. Furman, supra.*)

3. EVIDENCE—*Sufficiency of.* "This court will not reverse a judgment
upon the ground that it is not supported by sufficient evidence.
when the record filed herein does not purport to contain all of
the evidence introduced at the trial of the cause." (*Grand Lodge,
A. O. U. W., v. Furman, supra.*)

4. ERROR—*Presumption.* "Error is never presumed; it must always
be shown; and if it is not affirmatively shown it will be pre-
sumed that no error has been committed." (*Grand Lodge, A. O.
U. W., v. Furman, supra.*)
(Syllabus by the Court.)

*Error from the District Court of Payne County; before
Frank Dale, District Judge*

*Cotteral & Hornor, Williams & Hale* and *R. A. Lowry,*
for plaintiffs in error.

*King & Hutto* and *J. S. Workman,* for defendant in error.

Opinion of the court by

KEATON, J.: The facts in this case are substantially the
same as those in the case of the *Grand Lodge A. O. U. W.
v. Furman, supra,* and the legal principles governing that

case are equally applicable to the questions involved in this. In this case, W. S. Edmonson, the deceased husband of defendant in error, took the Master Workman degree in defendant's local lodge No. 5, at Stillwater, Payne county, O. T., on the 15th day of May, 1894, paying to said lodge the sum of $2, one for certificate of membership and the other $1 as an advance assessment. The plaintiff herein was designated in his application as the beneficiary, and beneficiary certificate No. 726 was issued to him on June 21, 1894, by defendant, and on June 19, said certificate was forwarded to the local lodge and by the proper officers thereof countersigned and delivered to the said W. S. Edmonson. On June 26, following, he paid another monthly assessment of $1; on July 28, another such assessment; on August 25, another, and on September 27, another, which was the last assessment paid. On October 29, he was noted suspended by the proper officer of the said local lodge. On November 21, of the same year, the said W. S. Edmonson died. As in the former case, the trial was had to the court, a jury being waived by both parties, which resulted in a judgment for plaintiff, on April 30, 1897, for the sum of $2,326.66.

The facts in this case relative to the making and serving of the original case-made and omitting therefrom the constitution and by-laws of defendant below, the proceedings had to amend said case-made, etc., are precisely the same as shown by the record in said former case, and for the reasons stated therein the judgment of the court below in this case is affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.