## THE CITY OF GUTHRIE v. THE T. W. HARVEY LUMBER COMPANY.

### (Filed Feb. 8, 1900.)

1. PROVISIONAL GOVERNMENT—*No Authority to Contract Debts*—The provisional governments for the regulation and management of the affairs of the cities and towns of the Territory of Oklahoma which were established prior to the act of congress approved May 2, 1890, were but voluntary associations of the people living in them: were without legal authority, and had no power to contract debts which should constitute legal obligations upon the municipalities afterward formed under authority of law. (Affirming *Oklahoma City v. Richardson*, 3 Okla. 5.)

2. PROPERTY—*Sale of—Evidence—Verdict—Not Disturbed*. There was evidence in the case strongly tending to show that the building for which payment was sought here was the property of the defendant in error, who had undertaken to sell it to the provisional government of East Guthrie, and that fact was included in the verdict of the jury, which will not under these circumstances be reviewed here.

3. PROVISIONAL GOVERNMENT—*City of Guthrie—Valid Claims Against*. The act of the legislature contained in chapter 13, of the Statutes of 1893, providing for the enforcement of claims against the provisional government of the City of Guthrie, had no effect to impair the validity of claims which should first be asserted in the district court.

4. ACTION—*Right of—Demand—Statute*. Where a demand is necessary to perfect the right of action, the statute runs only from the time of the demand. This was a case of tortious action, and the claim is not barred by any provision of our statute.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, District Judge.*

*W. B. Herod* and *D. R. Widmer*, for the plaintiff in error.

*Dale & Bierer*, for the defendant in error.

### STATEMENT OF THE CASE.

This was an action begun by the Harvey Lumber company, to recover the value of a building which it alleged that the defendant, the City of Guthrie, had converted to its own use in 1890, and for which payment had been refused.

The amended petition, upon which the case was tried, averred that the plaintiff had contracted, in 1889, with the provisional government of East Guthrie, for the erection of a building upon lots 23 and 24, block 46, East Guthrie; that the city had agreed to pay therefor the sum of $594.90, and had issued to the plaintiff, in payment, several warrants, aggregating that sum; that the plaintiff had complied with its contract, and that the City of Guthrie had taken possession of, appropriated, and refused to pay for it, and that on April 30, 1896, a formal demand was made for payment, which was refused, and thereupon this suit was brought, and a judgment sought for its value.

The defendant answered by a general denial, by pleading in bar the statute of limitations, and further subsequently alleged, by an amendment, that the building had been purchased from one C. C. Howell, and that full payment had been made therefor.

The plaintiff replied, denying generally. Upon these issues the cause was tried, verdict rendered, and judgment entered for the plaintiff for the value of the building.

Opinion of the court by

McATEE, J.:    The assignments of error are argued upon the action of the court in overruling the motion of plaintiff for a new trial.

It is stated, as a fact, in the brief of the plaintiff in error, that the evidence offered at the trial did not tend to suport the averment that the Harvey Lumber company had conracted to sell or erect any building whatever for the provisional government of East Guthrie,

The evidence shows that in the spring of 1889, the Harvey Lumber company, which was located in Ohio, had two agents in Oklahoma, one of whom was Alexander, a builder; that in May, of that year, Alexander reported to the plaintiff that a sale had been made for such a building in Guthrie, and that the building was manufactured by the Lumber company and shipped to Oklahoma; that it was received and located in East Guthrie, accepted by the authorities of the provisional government there, and appropriated to its use.

There is evidence on the part of the defense that one C. C. Howell was engaged in some way in negotiating with the provisional government of East Guthrie, concerning the sale of the building, but there is no evidence in the record that Howell had any ownership in it, or that the ownership was ever in any manner transferred, except as herein stated. And the records of the proceedings of the City of East Guthrie, as introduced in evidence, show that on June 10, 1889, an allowance was made to the Harvey Lumber company "for city building," due in thirty days, $216; sixty days, $217, and ninety days, $217, and that an allowance was at the

same time made to C. C. Howell for "labor and material," $267.19.

It has been heretofore held in the case of *City of Oklahoma City v. Richardson*, 3 Okla. 5, that the provisional governments for the regulation and management of the affairs of the cities and towns of the Territory of Oklahoma, which were established prior to the act of congress approved May 2, 1890, of which the City of East Guthrie was one, were but voluntary associations of the people living in them; were without legal authority, and had no power to contract debts which should constitute legal obligations upon the municipalities afterward formed under authority of law.

Inasmuch, therefore, as the provisional government of East Guthrie was incapable of contracting, the attempted sale by the Harvey Lumber company was ineffective, and no interest was transferred when the building was shipped and placed upon the lots in the City of East Guthrie, which were appropriated by the people there to the uses of that provisional government.

The property in the building remained in the Harvey Lumber company, so far as the City of East Guthrie was concerned. There is no evidence in the record that any transfer of the property was ever made to Howell. The question of such a transfer to Howell was submitted to the jury, under proper instructions from the court, and repudiated by it.

There was evidence in the case tending to show that the building was the property of the Harvey Lumber company, which had contracted to sell it to the provisional government of East Guthrie, and that fact was included in the verdict of the jury, which will not, under

these circumstances, be reviewed here. (*Nat'l Bank of Guthrie v. Earl*, 2 Okla. 617.)

It is argued, in the second place, that no demand upon the City of Guthrie was proven, that no proper basis of the value of the building or measure of damages was shown, and that the defendant was not guilty of conversion at all, and that all of these facts would appear upon a careful reading of the record. Upon this challenge we have read the record from beginning to end.

It shows from the testimony of DeGroff, clerk of the City of Guthrie at the time, that "a bill of the T. W. Harvey Lumber company against the City of Guthrie was presented on the 30th day of April, 1896, and it was not allowed."

It shows, from the testimony of several witnesses, contractors, builders, and persons acquainted with the property and its history, and its value and condition, the value of the building at the time of the alleged conversion, as nearly as could reasonably be expected at this distance of time, and the evidence, that adequate and proper testimony upon the question of value and measure of damages were submitted to the jury.

An ordinance signed by the mayor and city clerk of the provisional government of East Guthrie, as it appears in the ordinance book of that city, undertook to turn over the building, for which payment is here sought, to the City of Guthrie, and made an elaborate provision for its sale, and the appropriation of the proceeds.

A record of the council proceedings of the City of Guthrie was introduced in evidence, by which it appeared that bids were advertised for and received for

moving the building from the city of East Guthrie to the premises of the plaintiff in error; that the building was fully identified as the building belonging to the Harvey Lumber company; that it is now occupied by the city offices of the plaintiff in error, and as a police station and fire house.

It is also argued that, inasmuch as the legislature of 1890 enacted a statute embodied in chapter 13, p. 156, of the Statutes of 1893, entitled "An Act for the Purpose of Providing for the Allowance and Payment of the Indebtedness Heretofore Created by the People and Cities of Guthrie, East Guthrie, West Guthrie and Capitol Hill, now Consolidated Into the Village of Guthrie," which provides for the appointment of commissioners by the judge of the district court, as referees, to inquire into and pass upon the demands granted by the city government; and that, inasmuch as the plaintiff did not present and file his claim with the commission which was appointed under this act, the claim here sued on is barred by that act. And the decision by the supreme court of the United States, in *Guthrie National Bank v. City of Guthrie*, vol. 173, Sup. Ct. Rep. 528, is referred to as authority for this position.

But this case, as decided in the supreme court of the United States, does not support the conclusion thus sought for here. The import of the decision cited is to affirm the validity of that act of the legislature, and of the proceedings thereunder, for the enforcement of the claims therein sought to be provided for, while the conclusion sought for here is that, inasmuch as the plaintiff, the Harvey Lumber company, did not avail itself of the remedy provided for under that act, that it is

now debarred and precluded from asserting its rights in the district court, a conclusion with which we cannot agree There was nothing in' the act contained in chapter 13, of the Statutes of 1893, which undertook to impair the validity of claims which should be first asserted in the district court.

The statute of limitations was pleaded in bar of the action on behalf of the City of Guthrie. It cannot be sustained. The liability of the City of Guthrie arises in consequence of its appropriation of the property of the Lumber company, without the consent of the plaintiff, and a demand for payment on behalf of the plaintiff was a necessary precedent to this action.

The rule is that where the demand is necessary to perfect the right of action, the statute runs only from the time of the demand. The demand for payment was made on April 30, 1896. The action was begun on the 15th day of July, 1896, and is, therefore, not barred by any provision of the statute. (13 Amer. Ency. of Law, 721; *High v. Bd. of Comm'rs.*, 92 Ind. 580; *Leather Mfrs. Bank v. Merchants Bank*, 128 U. S. 26; *Lamb v. Clark*, 5 Pick. [Mass.] 193.)

Error is assigned upon the instructions of the court. We have examined them carefully, they state the law correctly as applicable to the facts in this case.

A very strong preponderance of the evidence shows that the building was attempted to be purchased by the provisional government of the City of East Guthrie, from the Harvey Lumber company; was shipped from Ohio and received in Guthrie, and appropriated by that

provisional government to its use; was thereafter appropriated by the City of Guthrie by an agreement between its government and the authorities of East Guthrie, and that the building is unpaid for.

The judgment of the court below will therefore be affirmed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.