ROBERT F. FERGUSON, FRANK M. GAULT AND C. G. JONES v.
R. B. RAGON AND WESTON ATWOOD.

(Filed June 7, 1905)

1. APPEAL—Errors of Jury. Where, on appeal from the district court, it is claimed by the plaintiffs in error that the jury have made a mistake in computation, and have rendered judgment for a larger amount than the evidence warrants, it is the duty of the plaintiffs in error to definitely and distinctly point out wherein this error in computation occurs, and unless this is done, this error will not be considered by this court.

2. EVIDENCE—Jury Sole Judges of.—Appeals. In the trial of a disputed question of fact in the district court, the jury are the sole judges of the weight and credibility of the various witnesses, and their decision of the question of fact will not be disturbed by this court unless it is shown that they are in error as to such decision of fact, and this error must be clearly pointed out

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Snyder & Clark*, for plaintiff in error.

*H. H. Howard,* for defendants in error.

### STATEMENT OF FACTS.

This was an action brought in the district court of Oklahoma county to recover on a contractor's bond, given pursuant to section 4539 of the General Statutes of 1893. The plaintiffs below, R. B. Ragon and Weston Atwood, defendants in error, recovered judgment against the plaintiffs in error for $641.43, with interest thereon at seven per cent per annum from May 2nd, 1902. Motion for new trial was filed and overruled, exceptions saved, and the case brought here for review.

Opinion of the court by

IRWIN, J.: There seems to be but two assignments of error relied upon by the plaintiffs in error. The first is that the assessment of the amount of recovery was too large. This was peculiarly within the province of the jury to determine from the evidence. They had better facilities for determining the facts, from being brought face to face with the witnesses, and observing their manner on the stand, and being in close contact with all the circumstances and surroundings of the case, than this court could possibly have from a history of the case on paper; and if an error has been made by them in computation, and they have arrived at a larger verdict than is warranted by the evidence, then it was clearly the duty of counsel for plaintiffs in error to definitely and distinctly point out wherein this error occurs, and this should have been done in the motion for new trial in the court below, so as to have given that court an opportunity to correct the mistakes, if any such were made. And from the briefs filed by the counsel for plaintiffs in error, we are unable to say with anything like certainty that any such mistake has been made. Consequently we think this assignment of error is not well taken.

The other assignment of error is that the verdict of the jury is not sustained by sufficient evidence. The record discloses that there was some conflict of testimony as to the amount of the bill sued for. Some of the testimony may not have been of that degree of certainty and definiteness which might be desired, but from a full examination of the record we are unable to say that the testimony introduced by plaintiff was incompetent or irrelevant. The objection to the

testimony it seems to us would go more to the weight and credibility than to its competency, and that being a matter purely within the province of the jury, and they having found the verdict in favor of the plaintiff, we are unable to say that there is no evidence which reasonably tends to support their finding. This being true, under the well recognized and often repeated rule of this court, the verdict will not be disturbed.

The judgment of the district court is affirmed at the costs of the plaintiffs in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.