## HUBBARD V. TERRITORY.

No. 1866, Okla. T. Opinion Filed April 14, 1908.

(95 Pac. 217.)

INDICTMENT AND INFORMATION—Amendment. An information charging defendant with imputing to a female a want of chastity, under an act approved March 13, 1905 (Sess. Laws 1905, p. 196, c. 13), cannot be so amended, after acquittal. as to charge defendant with lascivious language in a public place, under Wilson's Rev. & Ann. St. Okla. 1903, sec. 1959, without being sworn to as provided in section 1883 of said statute.

(Syllabus by the Court.)

*Error from Probate Court, Grant County; before A. C. Glenn, Judge.*

A. E. Hubbard was convicted of crime, and brings error. Reversed.

On July 24, 1905, there was filed in this cause in the probate court of Grant county, Oklahoma Territory, the following information:

"Territory of Oklahoma v. Bert Hubbard.
"Information.

"I, the undersigned, county attorney of said county, in the name, by the authority, and on behalf of the territory of Oklahoma, give information that on the 22d day of July, A. D. 1905, in said county of Grant and territory of Oklahoma, one Bert Hubbard did then and there unlawfully, willfully, falsely, maliciously, and wantonly impute to a certain female, then and there a resident

of Oklahoma territory, a want of chastity, by the use of the following language, to wit:   *   *   *   (meaning Mona M. Godfrey) and he can't help it'—contrary to the form of the statute in such cases made and provided against the peace and dignity of the territory of Oklahoma.

F. G. WALLING, County Attorney.

"Territory of Oklahoma, County of Grant—ss.:

"I do solemnly swear that I have read the above and foregoing information, and the statements therein contained are true.

"JOHN NEEDLES.

"Subscribed and sworn to before me this 24th day of July, 1905.

"[Seal]                                                    A. C. GLENN,

"I have examined the facts in this case and recommend that a warrant issue.

"F. G. WALLING, Co. Atty."

On the same day a warrant of arrest was duly issued for the defendant. On September 16, 1905, defendant appeared in court and waived arraignment and was released on bond. On November 15, 1905, he filed a demurrer to the information, which was overruled, to which he excepted, pleaded not guilty, waived a jury and was tried by the court. Upon all the evidence submitted on both sides the court found the defendant not guilty of imputing a want of chastity to a female, as charged in the information, but found him guilty of using obscene language in a public place; and thereupon the court permitted the prosecution to amend the information to charge the offense of using obscene language in a public place by writing into the said information as filed the words: "Said language being uttered and made in a public place in said county, to wit in the town of Nashville, on the public streets of said town, in the presence of a great many persons" —to all of which amendment and alteration of the original information, and as to the finding defendant guilty of using obscene language in a public place, the said defendant objected and excepted, which objections and exceptions were overruled by the court. The defendant then asked to be discharged, which was by the court denied and refused, to which the defendant excepted.

The court thereupon offered to permit said cause to be continued to give the defendant opportunity to offer further testimony, and to reopen the case and hear evidence on behalf of defendant in rebuttal of said charge, which defeudant said he did not desire to do, or have the cause reopened, or offer further testimony, but insisted on being discharged under the finding by the court. Thereafter defendant duly filed a motion for a new trial, which was overruled by the court, to which ruling defendant excepted, and filed his motion in arrest of judgment, which was overruled by the court, to which ruling defendant also duly excepted, whereupon the court sentenced him to serve a term of 10 days in the county jail and to pay a fine and the costs of this action, in all $90.05, to which the defendant objected and excepted, and has brought his case for a review to this court on petition in error and case- made.

*Sam P. Ridings*, for plaintiff in error.

*Charles West, Atty. Gen.*, and *W. C. Reeves, Asst. Atty. Gen.*, for the state.

TURNER, J. (after stating the facts as above). Plaintiff in error insists, among other assignments of error, that "the court erred in permitting defendant in error to amend the information after the case was closed and to charge another distinct offense." The offense charged in the information, before amendment, is defined in an act approved March 13, 1905 (Sess. Laws 1905. p. 196, c. 13), which reads: Section 1:

"If any person shall orally or otherwise, falsely and maliciously or falsely and wantonly impute to any female in this tertitory, married or unmarried, a want of chastity, he shall be deemed guilty of slander, and upon conviction shall be fined not less than twenty-five dollars nor more than five hundred dollars. or by imprisonment in the county jail not less than thirty days nor more than ninety days, or by both such fine and imprisonment."

Said information, as amended, charges a wholly different offense, which is defined in Wilson's Rev. & Ann. St. Okla. 1903, § 1959, which reads:     :

"If any person shall utter or speak any obscene or lascivious language or word in any public place, or in the presence of fe-

males, or in the presence of children under ten years of age, he shall be deemed guilty of a misdemeanor and upon conviction thereof before any justice of the peace of this territory, he shall be liable to a fine of not more than one hundred dollars, or imprisonment for not more than thirty days, or both, at the discretion of said justice."

Under the very liberal practice laid down in section 1883 of said statutes, the trial court was authorized to permit the amendment complained of by defendant with that statute, which reads:

"All criminal actions prosecuted in the probate court shall be brought in the same manner as similar actions in the justice courts; or shall be upon information of the county attorney based upon a sworn complaint and shall be under his direction and control; and warrants shall issue the same as in the justice courts; Provided, if any complaint or information be adjudged defective or insufficient it may be amended to any extent and sworn to until it is sufficient, and if the evidence fails to prove the crime charged, but tends to prove any other crime the information may be amended to charge the crime which the evidence tends to prove, and if that be a felony the trial shall be suspended and the accused shall be proceeded against by preliminary examination and bound over or discharged as the court shall deem just under the evidence. If the information or complaint be amended, the court shall see that the defendant is not prejudiced thereby and if justice requires it shall grant to the accused time to prepare his defense to the information or complaint as amended."

But the court was not authorized to permit said amendment unless the information was afterwards sworn to, as provided in that section. It appears from the record that the information, after amendment, was not sworn to or based upon any sworn statement whatever.

The conviction of this defendant under this amended information was therefore erroneous, and the judgment of the lower court must be reversed, and it is so ordered.

All the Justices concur.