## BIARD *et al.* v. LAUMANN.

No. 992.   Opinion Filed June 27, 1911.

(116 Pac. 796.)

1.   **APPEAL AND ERROR**—Presumptions.   Error, to secure reversal, must be shown on appeal. It is never presumed.

2.   **APPEAL AND ERROR**—Review—Conflicting Evidence.   When controverted questions of fact are submitted to a jury on instructions which are not assailed, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material allegation necessary to uphold the verdict, and the trial court renders judgment in accordance therewith, and a new trial is refused, this court will not disturb the verdict of the jury and the judgment of the court on the weight of such conflicting evidence.

(Syllabus by the Court.)

*Error from Murray County Court; Harry W. Fielding, Judge.*

Action by T. B. Laumann against J. W. Biard and J. H. Biard. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. P. Lockwood,* for plaintiffs in error.

DUNN, J.   This case presents error from the county court of Murray county, and was an action by defendant in error as plaintiff against plaintiffs in error as defendants to recover rent on two certain tracts of land. Plaintiff bottomed his action upon

a certain written lease under which defendants took possession of the property consisting of two tracts of land, one of 60 acres and the other alleged to be of 30 acres. The contract ran for four years, and provided that the plaintiff should furnish fruit trees and pay defendants at the expiration of the lease for planting and preserving the same at the rate of 25 cents each for living trees, three years old, 15 cents each for living trees two years old, and to pay $2 per acre for breaking the land. There was also a clause providing that defendants should pay $2.50 per acre or a third and a fourth for the land. The second count was for $75 rent on the tract which was alleged to have contained 30 acres. Defendants answered by general denial and averred that there was only 25 acres in the tract which was alleged by plaintiff to contain 30, and that the rent due thereon was $62.50, instead of $75, and that they were to pay rent on the land planted to orchard only for so much as should be put into orchard. In reference to the trees which plaintiff agreed to furnish, defendants alleged that they prepared for the trees under the contract some 10 acres for the season of 1907, and an equal amount for 1908; that plaintiff failed to furnish the trees, whereby defendants lost the difference between the cost and expense of planting and preserving the trees and $400, which they averred they would have received therefor, the present worth of which defendants claim to have been $181.81, which amount they allege would entirely pay plaintiff's claim and give them a judgment against plaintiff. On the trial the jury rendered a verdict for plaintiff, and, the court overruling defendants' motion for new trial, they have lodged the case in this court for review.

The only ground relied upon is that the verdict was not sustained by sufficient evidence, and was contrary to law, in that defendants' affirmative defense, to wit, the allowance of the alleged present worth of the services which defendants say they would have rendered had plaintiff furnished the trees in accordance with his contract, and they had planted the same and then the trees have grown, was established. The evidence is contradictory and conflicting, the plaintiff testifying that the prime and

main intention of the parties was to put into cultivation the 60-acre tract and make a farm of it, that the planting of fruit trees was only incidental thereto. He admitted that he had failed to furnish the trees, but said that no demand had ever been made on him for them; that no certain number of trees was ever fixed upon by the parties, and that, although he was often at the farm, he had never had any talk with the defendants nor had they selected any time or place for the planting of the trees. His view of the controversy was accepted by the jury and the claims of defendants rejected. The contract is not set out in the abstract, and the presumption must obtain that the construction thereof by the court was correct. No complaint is made of the instructions, and it must be concluded that under them the case and the facts were fairly submitted to the jury and its conclusion on the disputed evidence is final.

Error, to secure reversal, must be shown on appeal. It is never presumed.

The rule in cases such as is here presented has been declared by this court in a number of cases as follows:

"When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material allegation necessary to uphold the verdict, and the trial court renders judgment in accordance therewith, and a new trial is refused, this court will not disturb the verdict of the jury, and the judgment of the court on the weight of such conflicting evidence." (*McMaster v. City National Bank,* 23 Okla. 550, 101 Pac. 1103; *Wade v. Cornish et al.,* 23 Okla. 40, 99 Pac. 643.)

The judgment of the trial court is accordingly affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; HAYES, J., absent and not participating.