## SEAVER v. RULISON.

No. 865.   Opinion Filed June 27, 1911.

(116 Pac. 802.)

1.   **APPEAL AND ERROR—Review—Presumptions.** Error is never presumed by the court; it must always be affirmatively shown, and where this is not done the judgment will be affirmed.

2.   **APPEAL AND ERROR—Review—Insufficient Brief.** Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii), which provides in substance that the brief of plaintiff in error shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in this court, and that where a party complains of instructions given or refused he shall set out in totidem verbis portions to which he objects or may save exceptions, is mandatory, and where it is not observed alleged errors will not be reviewed.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; G. A. Brown, Judge.*

Action by W. F. Seaver against E. R. Rulison.   Judgment for defendant ,and plaintiff brings error.   Affirmed.

*F. M. Allee,* for plaintiff in error.

*T. H. Owen* and *J. C. Stone,* for defendant in error.

DUNN, J.   This case presents error from the district court of Muskogee county.   Some time prior to the erection of Oklahoma as a state, defendant in error, as plaintiff, brought an action before a United States commissioner at Muskogee to recover of and from defendant certain moneys due as rent on property occupied by defendant.   Plaintiff recovered judgment in that court, and the case was duly appealed to the United States District Court at Muskogee.   While the same was pending, plaintiff in error filed an action against defendant in error, asking damages in the sum of $2,000 for an alleged violation of the lease contract under which he occupied the premises in question.   Statehood intervened, and the cases were transferred to the docket of the district court of Muskogee county, and there, after being

consolidated, were tried; plaintiff in error, Seaver, assuming the burden of proof. On the trial he admitted the execution of the contract, the possession of the premises, and the refusal to pay rent, but sought to justify and recover damages under the terms of the written contract, which was offered in evidence, but which he avers he would not have signed, had he known the same contained the word "eviction"; it being provided in said contract that the landlord reserved the right or privilege of selling the property and buying the furniture of the tenant at a reasonable price, in case of sale of the property and eviction of the party of the second part. At the conclusion of the evidence, the trial judge instructed the jury to return a verdict in favor of the defendant, which was accordingly done, and this action on the part of the court, in conjunction with alleged error in the refusal of certain instructions, are the grounds which counsel attempt to present to secure a reversal thereof.

Judgments of the trial court in this court will be deemed correct. Error will not be presumed, but must always be shown, and if it not shown it will be assumed that no error was committed. *Grand Lodge A. O. U. W. v. Furman*, 6 Okla. 649, 52 Pac. 932; *Grand Lodge A. O. U. W. v. Edmondson*, 6 Okla. 671, 52 Pac. 939; *Board of Com'rs v. Hubble*, 8 Okla. 169, 56 Pac. 1058.

The claim is made for plaintiff in error that evidence sufficient was introduced which under the issues would have entitled him to a verdict, or at least which required the submission of the cause to the jury for its decision, and that the court erred in instructing a verdict for plaintiff. It is further insisted that the court erred in not giving certain instructions offered by plaintiff. If such errors were committed, however, plaintiff in error has not availed himself of the method prescribed and required by rule 25 of this court (20 Okla. xii, 95 Pac. viii) in order to secure a consideration thereof at our hands. This rule requires substantially that the brief of plaintiff in error shall contain an abstract setting forth the material parts of the pleadings, proceedings, and facts upon which he relies and which may be necessary to a full

understanding of the questions presented to the court for decision, so that no examination of the record itself need be made in this court. And, in reference to error in instructions given or refused, it provides that he shall set out *in totidem verbis* in his brief, separately, the portions to which he objects or may save exceptions. Counsel have failed to observe either of these mandatory requirements. This court has had occasion in a number of instances to pass on briefs presenting a similar situation, and has uniformly declined to consider contentions of parties where failure to observe this rule has existed. *Terrapin v. Barker,* 26 Okla. 93, 109 Pac. 931; *Roof et al. v. Franks,* 26 Okla. 392, 110 Pac. 1098; *Lynn et al. v. Jackson,* 26 Okla. 852, 110 Pac. 727; *Indian Land & Trust Co. v. Taylor,* 25 Okla. 542, 106 Pac. 863. The court lacks the time and cannot, with the volume of work before it, search records for error; it needs, and must have, the assistance of counsel in order to do even a reasonable percentage of the work before it, and of necessity the administration of this rule must be impartial; and, as counsel have failed to show in their brief any error committed by the court below, the judgment will be affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent and not participating.