## STONE·v. AMERICAN NAT. BANK.

No. 2165.   Opinion Filed October 15, 1912.

(127 Pac. 393.)

1.   APPEAL AND ERROR — Review — Presumptions—Matters Not Shown by Record.   Error is never presumed. It must be shown by the record. This court cannot say that the trial court erred in refusing to render judgment on the pleadings and opening statement of counsel, unless the opening statement is embodied in the case-made.

2.   REPLEVIN—Pleading—Sufficiency of Petition.   A petition alleging a special ownership in personal property and describing what the special ownership consists of, and alleging plaintiff's right to the immediate possession and defendant's wrongful detention, is good as against a general demurrer.

3.   SAME — Scope of Relief — Appeal.   While replevin is a possessory action, yet great latitude is allowed, and the statutory

action is considered flexible enough to authorize both legal and equitable rights to be determined in such action; and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy in one action; and, on failure of the trial court to so settle the equities, this court, on appeal, will do so, if the record permits.

(Syllabus by Robertson, C.)

*Error from Creek County Court;*
*Josiah G. Davis, Judge.*

Action in replevin by the American National Bank against A. H. Stone. Judgment for plaintiff, and defendant brings error. Affirmed on condition.

*Thompson & Smith* and *W. L. Cheatham,* for plaintiff in error.

*S. H. Sornberger* and *C. B. Rockwood,* for defendant in error.

Opinion by ROBERTSON, C. This is an action in replevin, begun April 23, 1909, by the American National Bank of Sapulpa, to recover possession of a team of horses from A. H. Stone. Trial was had to a jury, and a verdict was returned in favor of the bank for the possession of the horses and for nominal damages. Motion for new trial was presented and overruled, and defendant brings this appeal to reverse the judgment of the trial court.

The first assignment of error urged is that the court erred in overruling the motion for a new trial. Several points are raised and argued under this assignment; the first one being that the court erred in refusing to enter judgment for defendant on the opening statement of counsel for the plaintiff. We do not know whether or not there was error in the refusal of the court, for the reason that the statement complained of is not in the record. Not knowing what counsel said in his opening statement, we will not attempt to say that there was error in the ruling of the court on the subject. Error is never presumed. It must be shown by the record. *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802; *Biard v. Laumann,* 29 Okla. 140, 116 Pac. 796.

The next point urged under this assignment is the overruling of the defendant's demurrer to the amended petition. Counsel

contend that the petition does not affirmatively show that the mortgage and notes secured thereby were due at the time of the commencement of the action, and therefore urge that the mortgagee may not lawfully possess himself of mortgaged property until condition of payment has been broken. This contention is untenable. In replevin the gist of the action is the wrongful detention of the property. A petition alleging special ownership and describing what the special ownership consists of, and alleging plaintiff's right to immediate possession and defendant's wrongful detention, is good as against a general demurrer. It will be remembered that the amended petition charges defendant, Stone, with wrongfully detaining property from plaintiff's possession, in which plaintiff had a special ownership by reason of a chattel mortgage thereon, given by one Lonsdale to plaintiff bank. Had defendant, Stone, desired more specific allegations in the petition as to the character of the special ownership and right of possession, he should have filed a motion to make same more definite and certain. As the petition now stands, without such motion, it must be held good as against the objection urged.

The next point urged is that the verdict is contrary to law, for that the evidence shows that the defendant was in possession of the property by virtue of a judgment of a justice of the peace court, in an action of replevin wherein Stone was plaintiff and Lonsdale, the mortgagor, was defendant, and that at the time of service of the writ of replevin in this case Stone was foreclosing his mortgage, and that the same was senior to plaintiff bank's mortgage, and that he was entitled, under the law, to have the debt satisfied first.

The bank, however, claims that it, through Lonsdale, prior to the bringing of this action, endeavored to redeem the mortgaged property, and offered to pay Stone all his debt, interest, and cost, amounting, as the evidence shows, to something over $100, but that Stone arbitrarily and wrongfully declined to permit Lonsdale or the bank to redeem the property unless he was paid $250, a sum largely in excess of the amount he was justly entitled to collect, and that by reason of such wrongful and arbitrary conduct on the part of Stone it thereby became and was

relieved from the necessity of tender. However, by its reply, the bank offered to pay to Stone the full unpaid portion of the notes secured by his (Stone's) mortgage, and all his expenses and costs for seizing, keeping, and caring for the same, as of the time when this action was commenced, and, upon order of court, to bring the same into court for the defendant, Stone. For some reason the bank was not asked to, nor did it ever, pay the said amount into court, or to Stone; nor was there a finding by the court or jury as to the amount due, although there was evidence offered on that subject. It is evident to us that this was an oversight on the part of Stone and the court. He may have waived his right to tender, and we think he did, but that fact in itself ought not to prevent him from collecting what was honestly due him on his note and mortgage; nor will it warrant the bank in withholding the amount from him. It would have been the proper thing for the court to find what amount, if any, was due Stone, and to limit or restrict the bank's judgment by such finding. Replevin, to be sure, is a possessory action, yet "great latitude is allowed, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions; and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy in one action." *McFadyen et al. v. Masters,* 11 Okla. 16, 16 Pac. 284; *Broyles v. McInteer,* 20 Okla. 767, 120 Pac. 283.

The bank admits that it is liable to Stone for the amount due him on his notes, and offered to pay that amount, together with his expense and costs of seizing, keeping, and caring for the same. Reply, case-made, p. 49. The uncontradicted evidence of Stone on the subject shows that there was due him on the note and mortgage, at the time the property was taken from him by the bank, the sum of $62.40, and that the justice court costs which he was obliged to incur amounted to $16.70, and the costs on the execution were $13, and his attorney's fees, provided for in the chattel mortgage and the note, were $35, making a total of $127.10. He is entitled to recover this amount out of the property before the bank's debt is paid. It was the duty of the trial

court, under the pleadings and the evidence, to care for and protect his rights. The bank does not deny its liability.

Therefore the judgment of the county court of Creek county should be modified, so that the bank shall pay Stone the said sum of $127.10, or return the property to him., In case this sum is paid, the original judgment for the possession of the property shall be affirmed; in case the bank fails to pay said amount within 30 days after the mandate is received by the county court, the judgment should be reversed, and the property returned to Stone, with costs taxed against the bank. In case this judgment and order is obeyed, the costs of this appeal should be divided equally between the parties.

By the Court: It is so ordered.