## DUNN v. MODERN FOUNDRY & MACHINE CO.

No. 4032.   Opinion Filed May 25, 1915.

On Petition for Rehearing, October 5, 1915.

(151 Pac. 893.)

1.    **APPEAL AND ERROR—Verdict—Findings—Evidence.** A verdict, or findings of the jury, based upon evidence reasonably tending to support them, will not be disturbed on appeal.

2.    **SAME.** Where the evidence reasonably supports the judgment, it will not be weighed by the Supreme Court for the purpose of determining if the preponderance thereof was not with the other party.

3. **APPEAL AND ERROR—Harmless Error—Effect.** Under the statutes, this court is required to disregard any error in the pleadings or proceedings which does not affect the substantial rights of the party appealing.

4. **SAME—Instructions.** Where no other verdict could have been rightfully rendered, this court will not consider exceptions based on instructions given and refused.

5. **APPEAL AND ERROR—Judgment—Decision on Appeal.** Where an examination of the whole case shows that the verdict of the jury and the judgment of the trial court is right upon the merits, the judgment will not be reversed.

ON PETITION FOR REHEARING.

6. **TROVER AND CONVERSION—Measure of Damages.** The measure of damages for the wrongful conversion of personal property in this state is the value of the property at the time of the conversion, with the interest thereon, from the time of conversion, at the rate of 6 per cent. per annum.

(Syllabus by Robberts, C.)

*Error from County Court, Garvin County;*
*W. B. M. Mitchell, Judge.*

Action by the Modern Foundry & Machine Company against Terrell Dunn. Judgment for plaintiff, and defendant brings error. Affirmed, except for direction to trial court.

*Carr & Field* and *Blanton & Andrews,* for plaintiff in error.

*J. B. Thompson,* for defendant in error.

Opinion by ROBBERTS, C. This case comes from the county court of Garvin county. In that court the defendant in error, who will herein be designated as plaintiff, recovered judgment against the plaintiff in error, herein designated defendant. The action is brought to recover the value of certain machinery alleged to have been obtained by defendant from plaintiff. The original petition was amended, and the case finally determined upon the cause of action alleged in the amended petition.

Counsel for defendant assign as error the overruling of a demurrer to the original petition; but, as that petition was superseded by the amendment, error in that particular, if such, would be harmless, and therefore will not be considered.

Sharp controversy was had between counsel as to several points in the record, and particularly as to the time and manner in which the amended petition was filed; but after a careful search and investigation of the record, as shown by the case-made, including the approvals and indorsements of the trial court, and under the wholesome and well-established rule that error is never presumed, but must be pointed out and clearly shown, we are unable to say that the defendant has been in any way prejudiced by the irregularities complained of, and will therefore pass them over, and consider the case from the record as presented, assisted by the briefs of counsel for both parties. It must be borne in mind that:

"Error is never presumed; it must always be shown; and if it is not affirmatively shown, it will be presumed that no error had been committed." (*Grand Lodge A. O. U. W. v. Furman*, 6 Okla. 649, 52 Pac. 932; *Same v. Edmonson*, 6 Okla. 671, 52 Pac. 939; *County Com. v. Hubble*, 8 Okla. 169, 56 Pac. 1058; *Linson v. Spaulding*, 23 Okla. 254, 108 Pac. 747; *Biard v. Laumann*, 29 Okla. 140, 116 Pac. 796; *Seaver v. Rulison*, 29 Okla. 128, 116 Pac. 802; *Killough v. State*, 6 Okla. Cr. 311, 118 Pac. 620.)

"It is the general rule that all reasonable presumptions and intendments will be made in favor of the proceedings of a trial court." (*Redman v. Territory*, 2 Okla. 360, 37 Pac. 826.)

"Every presumption must be indulged in favor of the regularity of the proceedings in courts of record." (*Funk v. Baker*, 21 Okla. 402, 96 Pac. 608, 129 Am. St. Rep. 788.)

The second contention of defendant is under assignments 3 and 11, *viz.*, that:

"The verdict and judgment are not supported by the evidence."

This contention cannot be sustained, for the reason that there is at least some evidence tending to support the verdict of the jury, and under the rule so well settled by this court the findings of the jury are conclusive.

"In the trial of a disputed question of fact in the district court, the jury are the sole judges of the weight and credibility of the various witnesses, and their decision of the question of fact will not be disturbed by this court, unless it is shown that they are in error as to such decision of fact, and this error must be clearly pointed out." *(Ferguson v. Ragon,* 15 Okla. 281, 81 Pac. 431.)

"A verdict will not be reviewed as to the facts on appeal, if there is evidence sufficient to sustain it." *(A., T. & S. F. Ry. Co. v. Calhoun,* 18 Okla. 75, 89 Pac. 207, 11 Ann. Cas. 681.)

"Nor where the verdict is 'amply' sustained by the evidence." *(Robinson v. Territory,* 16 Okla. 241, 85 Pac. 451; *Filson v. Territory,* 11 Okla. 351, 67 Pac. 473.)

"Nor where the evidence 'strongly' tends to support the verdict." *(Guthrie v. Harvey Lbr. Co.,* 9 Okla. 464, 60 Pac. 247.)

"Nor where the verdict is supported by any evidence." *(Fuller v. Territory,* 2 Okla. Cr. 86, 99 Pac. 1098.)

After a careful consideration of the evidence, we are well satisfied, not only that there was sufficient evidence to sustain the verdict, but that it was clear and convincing, and fully supports the judgment of the court.

The third and last specific assignment of error, as set out in defendant's brief, is:

"The statement of the issues by the court were misleading and confusing to the jury, the instructions erroneous and misleading, and the requested instructions asked by the plaintiff in error should have been given."

This assignment, or rather these assignments, are entirely too indefinite, and counsel in no way complies with rule 15 of this court (38 Okla. viii, 137 Pac. x). If the statement of the issues of the court was misleading, and the instructions given by the court were erroneous and misleading, it was certainly the duty of the counsel to specify how and in what manner the jury was misled. This he does not do. We have gone over the instructions, and will admit that they are subject to some criticism; but we cannot say that they misled the jury—in fact, we feel confident that they did not, for the reason that the verdict of the jury is in full accord with, and clearly supported by, the evidence. In our opinion it is a most righteous and just verdict. The only instruction given in the brief under this assignment is as follows:

"If the jury find from the evidence in this case that the defendant represented to the plaintiff that he was a partner of R. A. Rogers, and that he would join in any contract for the purchase of the broom corn machinery declared upon herein that might be made between the plaintiff and said Rogers, and that after the execution of the contract entered into between the plaintiff and Rogers the plaintiff furnished the defendant with a copy of the same, to which he attached the name of J. W. Dunn, instead of his own name, and returned the same to the plaintiff, without informing the plaintiff that the name signed to said order was not the name of the defendant, and if the jury further finds that the representations made by the defendant to plaintiff, that Rogers was his partner, were false, and that the name signed to said order was not the name of the defendant, and if the jury further finds that the plaintiff believed the statement of

the defendant that he was a partner of Rogers, and believed the name signed to said order was the name of the defendant, and that said plaintiff acted in good faith, as an ordinarily prudent and cautious business man would act, and relied upon such statements and representations on the part of the defendant, and parted with his property on the strength of such statement, and that it has been injured thereby, then it will be your duty to find for the plaintiff, and assess the amount of its recovery at the value of the property it was induced by such representations to part with, and did part with."

Taking into consideration the evidence and entire record, together with the other instructions and verdict, we believe the jury must have understood the meaning of this instruction; at least, it did not lead them away from the real issues in the case, nor induce them to return a verdict contrary to the evidence, nor against the right and justice of the case.

"The Supreme Court is required by statute to disregard any error in the pleadings or proceedings which does not affect the substantial rights of the adverse party appealing." *(St. L. & S. F. R. Co. v. Houston,* 27 Okla. 719, 117 Pac. 184.)

"Proceedings," as here used, includes instructions to the jury.

"On appeal this court will render judgment without regard to errors or defects which are purely technical, and will not consider exceptions which do not affect the substantial rights of the parties." *(Boggs v. U. S.,* 10 Okla. 424, 63 Pac. 969.)

"A judgment will not be reversed on account of errors committed upon the trial which do not affect the substantial rights of the party appealing." *(Martin v. C., R. I. & P. Ry. Co.,* 7 Okla. 452, 54 Pac. 696; *Alton Dawson Mer. Co. v. Staten,* 19 Okla. 252, 91 Pac. 892.)

The controversy of counsel over the amendment of the petition seems to have been settled by the trial court, and the matter of amendment of pleadings is entirely within the discretion of that court, so long as it is permitted in furtherance of justice. No one was wrongfully prejudiced by the ruling of the lower court in that particular.

We are fully satisfied that full and complete justice has been done in this case. It should be affirmed.

By the Court: It is so ordered.

### ON PETITION FOR REHEARING.

Opinion by ROBBERTS, C. This case is before the court on the second petition for rehearing; the first petition having been denied on the 2d day of September, 1915. The first ground for rehearing is based upon the fact that the court erred in overruling the demurrer to the plaintiff's petition. That question was passed upon in the original opinion, and we see no reason for changing our views at this time in that regard.

The second ground goes to the question of certain amendments to the petition, claimed by counsel for plaintiff in error to have been made after trial of the case and judgment. Counsel for plaintiff and defendant did not agree upon that question, and this court was not inclined, under the circumstances, to enter into a trial of that issue. We are still of the opinion that no sufficient showing was made to justify this court in going into that matter, and for that reason cannot sustain the second ground for rehearing.

The third ground is that there is not sufficient evidence to support the verdict and judgment, for the reason

(a) that there was no evidence introduced tending to show the extent of the damage sustained by the defendant, because of the wrongful conversion of the property; and (b) that there was no evidence introduced tending to show that the alleged acts constituting the fraudulent conversion of the property were ever communicated to the plaintiff. Upon the first proposition, we find that there was no controversy as to the price agreed to be paid for the property converted, and no question raised as to its value. As we looked at it then, and still view it, the damage for the wrongful conversion was the value of the property, with interest. We see no reason why a rehearing should be granted on either of these contentions.

The fourth ground for rehearing is based upon the fact that interest was allowed on the value of the property converted, when the action was based upon a tort, and to recover damages for the commission thereof. We cannot sustain counsel in that contention, for the reason that the statutes of this state provide that the measure of damages for the wrongful conversion of personal property is the value of the property at the time of the conversion, with interest. Section 2910, Comp. Laws 1909, which was in force at that time, is as follows:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"1.  The value of the property at the time of the conversion, with the interest from that time; or,

"2.  Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,

"3.  A fair compensation for the time and money properly expended in pursuit of the property."

This section was passed upon by the Supreme Court of the territory in *Drumm-Flato Com. Co. v. Edmisson,* 17 Okla. 352, 87 Pac. 314, in which the court says:

"In the case of a wrongful conversion of personal property, under the provisions of our statute, a party is entitled, as a matter of right, to recover interest from the date of the conversion" of personal property, "and it would be erroneous for the court to submit an instruction that it rests within the discretion of the jury."

In *Prinz v. Moses* (Kan.), 66 Pac. 1009, it was held:

"In an action for damages for wrongful seizure and conversion of goods, the measure of damages is the market value of the property when taken, with interest."

Practically all the state and federal courts hold the doctrine.

The only question involved in the case upon which we have any doubt, is the rate of interest that should be allowed. Personally the writer hereof is of the opinion that the rate of interest named in the contract, under which the property was obtained, should be allowed. That was undoubtedly the theory of the jury, as well as the trial court; but, lest we may be mistaken, we will modify the original opinion to that extent, and fix the interest at 6 per cent.

The second petition for rehearing should be denied, and the case affirmed in all particulars, except that the trial court should be directed to enter judgment for the sum of $505, with interest at 6 per cent. from the 10th day of July, 1909.

By the Court: It is so ordered.