# CHARLESTON.

BEURY COAL & COKE CO. V. COUNTY COURT OF FAYETTE
COUNTY.

Submitted September 1, 1915.    Decided September 21, 1915.

1. LIMITATION OF ACTIONS—*Accrual of Cause—Demand.*

Demand, which is prerequisite to the right to bring an action
against a county court, must be made within a reasonable time to
avoid the effect of the statute of limitations; a party can not delay
demand indefinitely.  (p. 611).

2. SAME—*Reasonable Time.*

In the absence of facts or circumstances excusing delay, the time
fixed by the statute as a bar to the action will be considered as
reasonable, and the statute will begin to run from the end of such
period.  (p. 611).

Error to Circuit Court, Fayette County.

Action by the Beury Bros. Coal & Coke Company against
the County Court of Fayette County.  Judgment for plain-
tiff for less than claimed, and it brings error.

*Affirmed.*

*R. T. Hubbard, Jr.,* and *F. N. Bacon,* for plaintiff in error.

*C. R. Summerfield* and *E. R. French,* for defendant in error.

WILLIAMS, JUDGE:

This proceeding is by motion pursuant to notice, as pro-
vided by Sec. 121, Ch. 6, Code 1913, to recover judgment
against the county court of Fayette county for an alleged
balance of $2,829.93, on account for material furnished and
labor performed at its instance and request, upon a certain
public road in said county known as the "Beury" road.
Plaintiff's claim is evidenced by an account of debits and
credits extending through a period of years, the first item
of which bears date July 31, 1902, and the last, January 31,
1914.  It is agreed (1) that the account, both as to the items
and their dates, is correct; (2) that it was first presented to
the county court for payment on the 13th of July, 1914, and
payment refused; and (3) that the account is chargeable

against the road fund of Sewell Mountain District, and that, at the time demand was made, there were no funds in the county treasury to the credit of said district with which the account could have been paid. Defendant pleaded the statute of limitations; and the case was submitted to the court in lieu of a jury. The court held all items of the account, prior to and including the one of date May 31, 1909, to be barred, and rendered judgment for plaintiff for the sum of the items subsequent to that date, which amounted to $696.70.

The sole question presented is, whether or not the court has properly applied the statute of limitations. The limitation upon an action on an open account is five years. Counsel for plaintiff contends that its rights of action did not accrue until demand was made, and that there is no limitation upon its right to make the demand, but the court held otherwise. Sec. 41, Ch. 39, Ser. Sec. 1591, Code 1913, prohibits the bringing of a suit against a county court on a claim founded on contract, except it be upon an order on the county treasury, until such claim has been presented to such county court and has been disallowed by it in whole or in part.

Statutes of limitations are intended for repose and they should be given such reasonable construction as to effectuate the evident purpose of the legislature. It was clearly not the legislative intent, in enacting the statute above cited, to permit a party having a claim against a county court to prolong indefinitely his right of action by neglecting to present it to the court for payment. It was within plaintiff's power to perfect his right of action at the end of any fiscal year, upon any yearly balance due it. The record discloses no cause for delay in making the necessary demand. Notwithstanding the simplicity of the question presented, the decisions on it are in hopeless conflict. The rule universally applied in case of notes for money, payable on demand, is to treat the note as payable at once, giving an immediate right of action. In such case the statute begins to run at the date of the transaction. 25 Cyc. 1205. But that rule is not applicable here because of the positive rule of the statute requiring presentation and refusal of the claim before suit. The conflict in the decisions arises in those cases where, on account of the

character of the transaction or the relationship of the parties, no immediate demand was contemplated. In such cases some courts hold the statute does not begin to run until demand, however long deferred. See *Miller* v. *Hinds County*, 68 Miss. 88; *City of Guthrie* v. *Lumber Co.*, 9 Okla. 464, 60 Pac. 247. Some courts have taken the opposite extreme. For instance the court of Michigan holds the right to make demand is itself barred if not made within the period fixed as a bar to the action. *Palmer* v. *Palmer*, 36 Mich. 487, 24 Am. Rep. 605. But a majority of the courts, as well as the better considered cases, we think, hold that, where a previous demand is necessary to give a right of action and there is nothing to indicate that the parties contemplated that demand should be made quickly or remotely, demand must be made within a reasonable time, which is generally held, by analogy, to be the period of limitation prescribed for the action. A leading case in this country, adopting this rule, is *Hodman* v. *Rogers*, 10 Pick. 112. Judge Wilde, in his opinion in that case, at page 119, says: "Generally, where a debt is payable in money and on demand, the statute of limitations begins to run immediately after the debt is contracted; but if a demand previous to the commencement of an action is necessary, the statute will not begin to run until a demand is made. But in the latter case there must be some limitation to the right of making a demand. A party must not be permitted to sleep over his rights, to the prejudice of the party on whom he makes a claim, and who by the delay may be deprived of the evidence and means of effectually defending himself. A demand must be made within a reasonable time; otherwise the claim is considered stale, and no relief will be granted in a court of equity." We see no reason why the same rule should not be applied by a court of law in effectuating the purpose of the statute. It was in fact later applied by the same court in a law case. See *Campbell* v. *Whoriskey*, 170 Mass. 63. The principle announced in *Hodman* v. *Rogers, supra,* was adopted by the supreme court of Pennsylvania, in *Pittsburg &c. R. Co.* v. *Byers*, 32 Pa. St. 22, and followed in *Morrison's Adm'r.* v. *Mullin*, 34 Pa. St. 12 and *Rhine's Adm'r.* v. *Evans*, 66 Pa. 192; also, by the supreme court of Ohio, in *Keithler* v. *Foster*, 22 Ohio St. 27; and the supreme court of Indiana, in *High* v.

*Board of Commissioners of Shelby Co.,* 92 Ind. 580, and *New-son* v. *Board of Commissioners of Bartholomew Co.,* 103 Ind. 526. The same rule is declared to be the law by the courts of Iowa and Kansas. See *Dist. Twp. of Spencer* v. *Dist. Twp. of Riverton,* 62 Iowa 30, and *A. T. & S. F. Co.* v. *Burlington Township,* 36 Kan. 628.

In *Thompson* v. *Whitaker Iron Co.,* 41 W. Va. 574, this court held that, where a demand is necessary before suit, the statute of limitations does not start until demand. "But demand must be made within reasonable time, which is the term fixed by the statute of limitations, if not made before." That case also held: "Where no demand is shown it will be presumed as made within that period, and the statute will then run." In the present case, of course, there can be no such presumption, as the agreed facts show when the demand was actually made, which was more than five years after much of the account had become due and payable. But, as the purpose of the statute requiring demand upon the county court before suit can be brought against it is chiefly to avoid costs and unnecessary litigation, we doubt if the rule as to presumption could properly be applied in a suit against it; its positive refusal to pay seems to be necessary before right to sue, and its refusal would be shown by its own order of record.

The principle herein discussed, of course, has no application to cases where the contracting parties contemplated that actual demand was necessary to create an obligation to pay. Such were the following cases: *Selleck* v. *Selleck,* 107 Ill. 389; *Jameson* v. *Jameson,* 72 Mo. 640; *Stringer* v. *Stringer,* 93 Ga. 320; *Smith* v. *Town of Franklin,* 61 Vt. 385; and *Parker* v. *Gaines,* (Ark.), 11 S. W. 693.

The judgment is for so much of plaintiff's account as falls within a period of five years next prior to the bringing of its suit, and it will be affirmed.

*Affirmed.*