## FORD v. HALL.

No. 25693. Oct. 8, 1935.

Sigler & Jackson, for plaintiff in error.

Champion, Champion & Fischl, for defendant in error.

PER CURIAM. This action was commenced in the district court of Carter county by the plaintiff to recover in replevin certain furniture sold to the defendant. The defendant answered by general denial and alleged as a defense that the property was of an inferior grade, and that he had been damaged by reason of such inferior grade and quality of furniture by the plaintiff. A reply was filed, and after a jury had been impaneled and the evidence submitted, the court instructed the jury orally, at which time it was agreed by the plaintiff and the defendant that the court might submit to the jury the question of the amount due on the bill of furniture sold by the plaintiff to the defendant. The record upon this proposition is as follows:

"By Mr. Sigler, of counsel for the defendant: I don't know, if the court please, that you have made it plain to the jury about one thing. I take it that it is possible under the instructions that you have given, that the jury would get the impression that they would have to either render a verdict for the full amount or find the damage to be more than that amount. By the Court: No, I didn't intend to create that impression. I will go a little more into detail. Gentlemen, you are the sole and exclusive judges of the facts in this case, as I have heretofore stated. If you find for the plaintiff under the evidence and instructions of this court, your verdict will read, 'We the jury find for the plaintiff, C. P. Hall, and fix the amount due under the contract at $_____.' And such amount shall be filled in as you find from the evidence, as due under the contract, less the damage, if any, sustained by virtue of the inferior grade of furniture, if you find any inferior grade of furniture was delivered. This may not be in a proper form in a replevin action, that is, this form of verdict may not be proper in a replevin action, but if each of you have agreed that this may be decided herein, I take it that it will be satisfactory. By Mr. Champion, of counsel for the plaintiff: Yes, sir. By Mr. Sigler, of counsel for the defendant: Yes, sir."

Thereafter the following verdict was returned:

"We, the jury, drawn, impaneled and sworn in the above-entitled cause do upon our oaths, find for the plaintiff, C. P. Hall, and fix the amount of his recovery at $331.-25. (Signed) R. A. Lathrop, Foreman."

The court in its journal entry of judgment, after the instructions had been made as heretofore stated and the verdict returned as above, entered the following order:

"It is therefore ordered, adjudged and decreed by the court that in conformity with the verdict of the jury rendered herein and the stipulation and agreement made between plaintiff and defendant as to the form of the verdict that the plaintiff have the immediate possession of the above-described property, or the amount due, $331.25, in the event said property cannot be had.

"It is further ordered by the court that the defendant pay the costs of this action and that judgment is hereby rendered against the defendant for possession of said property or the amount due, $331.25, and costs of this action; for all of which let execution issue. (Signed) John B. Ogden, District Judge."

Plaintiff in error complains only of the form of the verdict in the following assignments of error:

"(1) The judgment is contrary to the law and the evidence."

The proposition that the judgment is contrary to the evidence is waived for the reason that the defendant neither demurred to the evidence nor moved for a directed verdict, and, under the universal holding of this court, such error, if any, is waived and the sufficiency of the evidence to sustain the verdict and judgment cannot be questioned. Midland Valley R. Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089; Lone Star Co. v. Parsons, 159 Okla. 52, 14 P. (2d) 369.

"(2) The judgment entered by the court was not authorized and is void, for the reason and upon the ground that the jury did not fix the value of the property in this case."

Defendant cites in support of these two assignments of error DeGroff v. Carhart, 97 Okla. 145, 223 P. 180; Britton v. Johnson-McQuity Motor Co., 120 Okla. 221, 251 P. 74, and Gross v. Lincoln, 81 Okla. 87, 196 P. 960.

In the latter case this court held:

"In an action in replevin, it is error to render judgment in favor of the plaintiffs for a sum certain as the value of the property in controversy, in case delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value."

And in the case of Britton v. Johnson-McQuity Motor Co., supra, this court held:

"In an action of replevin to recover possession of an automobile for the purpose of foreclosing a lien, where the defendant had given a redelivery bond and retained possession, it was error to enter judgment against defendant for the amount of plaintiff's claim, and, in addition thereto, for a return of the automobile."

In our opinion the rule announced by these cases is not applicable to the facts in the case at bar.

In Swaydan v. Ellis, 59 Okla. 175, 158 P. 434, we held:

"It is again contended that the jury returned a general verdict for the defendant, and did not find the value of the horses, and that therefore the court had no authority to find such value and render judgment against the plaintiff for the same.

"The record fails to show that there was any request for the jury to find the value of the horses, or that any effort was made to have the form of the verdict corrected at the time it was rendered. In fact, the first objection to the form of the verdict was made in the motion for new trial filed three days after the return of the verdict.

"In Davis v. Gray, 39 Okla. 386, 134 P. 1100, this same objection was made to the verdict and judgment in replevin action; but the objection was not made until the motion for new trial was filed three days after the return of the verdict. It was said:

"'This, we think, came too late. Had the objection been presented at the time the verdict was returned and before the jury was discharged from the consideration of the case, it is probable that the error, if such it be, would have been corrected.'"

In many respects this case is similar to the last-cited case above, and in fact the case at bar is a stronger case to warrant the determination that the plaintiff in error has waived the form of the verdict and the judgment rendered. Nowhere does it appear that the plaintiff in error excepted to the form of the verdict, or the judgment of the court at the time of the return of the verdict, or the rendition of the judgment; nor does it appear that he excepted to the instructions given, but it does appear, as shown by the above-quoted section of the instructions, that he consented and stipulated that the jury might return the verdict as to the amount due. We have held that error is never presumed, but must be shown by the record. Stone v. American Nat. Bank, 34 Okla. 786, 127 P. 393; Seaver v. Rulison, 29 Okla. 128, 116 P. 802; Biard v. Laumann, 29 Okla. 140, 116 P. 796. That the proper time to object to the form of a verdict is the time when a verdict is returned into court and before the court is discharged, and that having failed properly to object, the party cannot thereafter raise the same in the motion for new trial. Crisp v. Gillespie, 50 Okla. 541, 151 P. 196. The error in this case was not only waived, but invited. The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.