## PLUMLEY v. YELLOW MFG. ACCEPTANCE CORP.

No. 20648. Opinion Filed Dec. 1, 1931.

Rehearing Denied Jan. 12, 1932.

Carter Smith, for plaintiff in error.

Kleinschmidt & Johnson and G. Ellis Gable, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review a judgment of the district court of Tulsa county. On the 28th of August, 1928, the defendant in error filed a suit against the defendant below, the plaintiff in error, to recover possession of two trucks, that had been delivered to the defendant under the provisions of a "conditional sales contract," which is fully set out in the petition. Affidavit in replevin was made and writ issued, and the plaintiff in error gave a retaining bond. The value of the property was fixed in the affidavit at $2,100.

The contract alleged to have been made between the defendant and the assignor of the plaintiff below and the assignment to the plaintiff are set out in full in the petition. The contract provided for the payment of the balance of the purchase price, $3,066, in 12 monthly installments of $255.50, due date of the first being one month after date of contract, and named in the contract as April 17, 1928. On the like day in the following months another installment was due, and it was claimed that the August installment had not been paid, and the suit was started.

The defendant filed an unverified answer, the averring part being as follows:

"Comes now the defendant, F. L. Plumley, doing business as the Yellow Dump Truck Company, and denies each and every

material allegation in said petition contained.

"(Signed) Carter Smith,
"Attorney for said Defendant."

The case was tried by the court, trial by jury being waived. Two witnesses testified on behalf of the plaintiff; none on behalf of the defendant. One of the witnesses was an agent of the plaintiff, and resided at Detroit. He testified that the plaintiff was the owner of the contract, and that default had been made in the payments and that there was a small amount due on the June installment and the total amount due on the August installment when the suit was brought. The sales contract was introduced without objections. It provided for its assignment, and that the holder in the event of default in making any payment could declare all installments due, and take possession of the property, sell it, and out of the proceeds pay the balance unpaid, with expenses, and return the remainder, if any, to the buyer. It further provided that any deficiency would be made good by the buyer. An effort was made to examine him concerning the delivery of the trucks, but he said he knew nothing of that, and was excused.

The other witness was E. P. Goodloe, who was the manager of the General Motors Truck Company at Tulsa, the sellers. He fixed the reasonable value of the trucks at $2,000 each, and stated that the defendant, Plumley, bought the trucks under the name of the Yellow Dump Trucking Company. He was asked when the trucks were to be delivered, and the court sustained the objection to this, and there was some colloquy between the attorneys about its being a negotiable promissory note. The attorney for the defendant stated that the offer of the evidence was for the purpose of showing that the amount agreed to be paid was contingent upon the delivery of the trucks, and it was contemplated that there was to be an immediate delivery, and the seller knew that the defendant was to pay for the trucks out of the earnings of the trucks, and the trucks were not delivered for some months later. This was objected to as being incompetent, irrelevant, and immaterial, and tending to vary the terms of a written contract. The court sustained the objection. Being asked if it was not about the 7th of April before either truck was delivered, he said he did not know. Some question was asked about the monthly payments beginning the following month after the delivery, and he said there was no agreement to that effect. Some colloquy took place, and the attorney for the defendant offered to show that the seller of the truck knew that defendant was to pay for the trucks out of the earnings, and it was claimed that there was a partial failure of consideration on that account, and the court asked if there had been any pleading to that effect, and the attorney contended that under the general denial he could show that, and a formal offer of proof was made by the defendant, as follows:

"Mr. Smith: Under the rulings of the court, your Honor, there is no use of me making a defense in this case, but I will state to the court that I will show by F. L. Plumley, the defendant in this case, doing business as the Yellow Dump Truck Company, that at the time of the contract being signed, it was agreed that these trucks were to be immediately delivered, and the payments due thereon were conducted and arranged that he could pay for these trucks out of the earnings of the trucks, and the cash consideration of $720.12 represented the cash on or before delivery, and then April 17, 1928—that the trucks were not delivered up to the 7th day of April, 1928, and the other one some ten days thereafter, and that pursuant to this agreement, and as contemplated by the parties, the defendant didn't pay for these payments until the one falling due April 17th, until some time in May, right on through all the way until this suit was instituted. Mr. Johnson: That is the reason it was instituted, because you didn't pay. Mr. Smith: And there was a failure of consideration. We didn't have the use of those trucks, and the amount due on August 28th, at the time of the institution of this suit, by agreement with the defendant and acted upon by the defendant, was not paid until—wouldn't have been due until along about the 3rd of September. The proof in this case will show that. The Court: Have you anything further? Mr. Smith: That is all. The Court: The defendant rests? Mr. Smith: We offer that as evidence, your Honor."

The court rendered judgment in favor of the plaintiff for recovery of the trucks, and fixed the value at $2,300 after amendment of the petition to show that the value was $4,000 in accordance with the proof. Some parley was had about the value being fixed, and the interest that the plaintiff had by virtue of contract of sale.

A motion for new trial was filed, and the case comes here on the assignments, after the execution of a supersedeas bond, under which the plaintiff in error retained the property.

The contention of the plaintiff in error, at page 3 of his brief, is as follows:

"The defendant under his general denial, tendered evidence showing that the trucks

were not delivered to the defendant the date that under the contract they were to be delivered, to wit: the 16th day of March, 1928. The contract as to delivery of trucks reading as follows:

" 'The undersigned buyer agrees to buy, subject to the terms and conditions hereinafter set forth the following goods—complete with standard attachments and equipment, delivery and acceptance of which `is hereby acknowledged by buyer.'

"The court refused to allow the defendant to prove the nondelivery of said trucks on the date as specified in said contract, although at the time of signing the said contract, defendant parted with money and property of the sum or value of $1,721.12, on the objection of plaintiff that the defendant was attempting by parol evidence to vary the terms of a written instrument, and also refused to allow the defendant to testify that the plaintiff, the assignee of the seller, had by reason of the fact of nondelivery of the trucks on the date that they were to be delivered, had not been exacting the payments according to the strict terms of the contract, but that the payments had been made two, three, four, and five months after date. In other words, the defendant had paid of the monthly payments four installments, but not on the dates as specified in said contract, but about a month later on each installment."

The five assignments are treated under the head of two questions, the first being whether the defendant, under general denial, could show that the property was not delivered for some 22 or 30 days later or not fully performed on the part of the seller until the date the first installment payment fell due.

Some contention is made as to the negotiable character of the instrument. We do not think there is any question about its not being a negotiable note. The contract, as it shows on its face, was assigned, but the date of the assignment does not appear in the record. Some authorities are cited by the plaintiff in error, namely, Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765. That was a case wherein some notes were given for the purchase price of a second-hand piano, and special defense was made of breach of warranty of fitness of the piano, as stated in the opinion. That, however, is not this case. Here a written contract was made between the seller and the buyer and its terms fully reduced to writing, and without pleading anything special in the general de-

nial, the defendant undertakes to establish by parol evidence a condition to be attached to the contract concerning the delivery of the trucks, the contract acknowledging delivery, and prescribing that the unpaid portion of the consideration was to be paid in fixed installments, the time of which is given. The contract was assigned. Several of the installments were paid. There was a default in the payment of the last installment next before the time the suit was brought.

We think this comes within the ordinary rule, as embodied in our statute of frauds, section 5035, C. O. S. 1921, and the cases cited thereunder, decided by this court. Said section is as follows:

"5035. Writing excludes oral negotiations or stipulations. The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Complaint is further made that the court should have fixed, in this case, the amount of the interest of the plaintiff below in the property. It seems to us that if the present plaintiff in error had desired this, he should have asked for it instead of introducing no evidence and contenting himself with trying to get in proof that the contract had been changed so far as its maturity was concerned. The action was simply an action for possession, and the defendant pleaded by general denial, and we do not think the plaintiff in error can rightfully complain of the judgment of the court simply fixing the value of the property, or fixing the value of the property at less than the proof showed it was.

The cases of Emerson-Brantingham Implement Co. v. Ritter, 69 Okla. 95, 170 P. 482, and Stone v. American Nat. Bank, 34 Okla. 786, 127 P. 393, are cited on the policy of the law to get rid of litigation by trying the rights of the parties and settling them in one lawsuit, but before the court can do very much, the litigants have something to do, and we think the court below was justified in rendering the judgment it did, and overruling the motion for new trial. The case is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., not participating. CULLISON, J., absent.